656 So.2d 786 (1995)
Coleman James DUPRE, individually and as Administrator of the Estate of His Lawful Minor Daughter, Jeanne Lucinda Dupre, Plaintiffs-Appellants,
v.
SCHERING-PLOUGH HEALTH CARE PRODUCTS, INC., et al., Defendants-Appellees.
No. 95-213.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
As Amended on Rehearing June 21, 1995.
*787 Walter Landry Smith, Paul H. Dué, Baton Rouge, Joseph H. Simpson, Amite, Leslie J. Schiff, Opelousas, for Coleman J. Dupre, et al.
Timothy John McNamara, Lafayette, Peder Garske, Harry D. Jr. Murry, Katherine D. McManus, Washington, DC, for Schering-Plough Health Care Products, Inc., et al.
Jacque Berchmans Pucheu Jr., Eunice, for Derbes Drug Store, Inc.
Before COOKS, SAUNDERS and DECUIR, Judges.
DECUIR, Judge.
This is an action in which the trial court granted a permanent injunction against the plaintiffs, Coleman James Dupre, Individually and as Administrator of the Estate of his Lawful Minor Daughter, Jeanne Lucinda Dupre, enjoining plaintiffs from proceeding with an action against the defendant in any court other than the 27th Judicial District Court of the Parish of St. Landry, State of Louisiana.

FACTS
In 1981, four-year-old Jeanne Dupre began running a fever. To combat the fever, Jeanne's mother gave her St. Joseph's Aspirin for Children, a product marketed and manufactured by the defendant, Schering-Plough Health Care Products, Inc. Her condition became worse and on June 1, 1981, she was admitted to a hospital in Lafayette, Louisiana where a doctor diagnosed Reye's Syndrome. Plaintiffs allege that Schering-Plough's product caused Jeanne to develop the Reye's Syndrome. Plaintiffs further allege that the efforts of Schering-Plough and other aspirin manufacturers to discredit scientific evidence linking aspirin to Reye's syndrome contributed to their inability to link the disease to the St. Joseph's Aspirin until 1989.
On July 17, 1989, the Dupres filed suit in Tennessee State Court. The suit was filed in Memphis, Tennessee, the corporate headquarters of Schering-Plough. Schering-Plough moved to dismiss on the grounds of liberative prescription. The Tennessee trial court denied the motion, holding that the case was governed by Tennessee law providing that liberative prescription does not begin running against a child until the child attains majority. The Tennessee Court of Appeals denied Schering-Plough's application for interlocutory appeal.
In the interim, the Louisiana Legislature enacted Act 621 of 1992, which suspended the running of prescription against minors in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act. Believing that this statute on its face removed any issue of prescription in Louisiana, the Dupres decided to seek a stay of the Tennessee lawsuit in order to pursue Jeanne's rights in Louisiana, her home state. Schering-Plough agreed, though defendant points out that the case was never actually stayed and is currently pending. On August 6, 1992, the Dupres filed suit in St. Landry Parish. Subsequently, this court held that Act 621 of 1992 does not apply on behalf of children whose causes of action were deemed already prescribed at the time of the enactment. Chance v. American Honda Motor Co., 624 So.2d 23 (La.App. 3 Cir.1993), affirmed 93-2582 (La. 4/11/94), 635 So.2d 177. Under the Chance holding, the Dupres' rights depend on the application of the doctrine of contra non valentem agree nulla curit praescripto, which prevents prescription from running where the cause of action is not known or reasonably knowable by the plaintiff.
Shortly after the Chance ruling, Schering-Plough sought an injunction barring the Dupres from proceeding with the Tennessee lawsuit or any other lawsuit against the defendant in any court other than the 27th Judicial District Court. The trial court granted the injunction.

ASSIGNMENTS OF ERROR
From this judgment, the Dupres appeal raising four assignments of error contending the trial court erred:
*788 (1) in enjoining the plaintiffs from suing the defendant corporation in its home state in violation of principles of equity;
(2) in granting an injunction without requiring the applicant to make a clear and convincing showing of irreparable injury;
(3) in concluding that defendant demonstrated any threat of irreparable injury; and
(4) in enjoining plaintiffs from proceeding in federal court.

DISCUSSION
Louisiana Code of Civil Procedure article 3601 provides in pertinent part:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law;

* * * * * *
It is clear from the Code that, absent specific authorization by law, an injunction will not issue without a showing of irreparable injury. West v. Winnsboro, 211 So.2d 665 (La.1967). An injunction is a harsh, drastic, and extraordinary remedy, and should only issue where the party seeking it is threatened with irreparable loss or injury without adequate remedy at law. Greenberg v. Burglass, 254 La. 1019, 229 So.2d 83 (1969).
The Dupres' first three assignments of error amount to an allegation that the trial court erred in granting an injunction where Schering-Plough failed to show irreparable injury or specific authorization at law as a basis for the injunction. Accordingly, we will address these assignments of error as one.
At the outset, we note that a trial court has broad discretion in deciding whether to grant injunctive relief. Easterly v. Carr, 361 So.2d 279 (La.App. 1 Cir.1978). In addition, we are aware that Article 4 of the Louisiana Civil Code requires a court to resort to equity when no rule may be derived from legislation or custom. Having said these things, we turn to the particular circumstances of this case.
The Dupres argue vehemently that Schering-Plough failed to show irreparable harm or authorization by law for the injunction which the trial court issued. Schering-Plough contends that it would be irreparably injured by having to proceed in two lawsuits in two jurisdictions. Furthermore, Schering-Plough asserts that it is irreparably harmed by plaintiffs' attempt to deprive it of the defense of prescription by filing suit in Tennessee. We find neither of Schering-Plough's arguments persuasive.
Schering-Plough has argued this case primarily on the basis of the propriety or impropriety of a Louisiana court issuing an anti-suit injunction against a suit filed in another jurisdiction. Defendant cites numerous cases purporting to support anti-suit injunctions and the Dupres cite numerous cases purporting to forbid such injunctions. We have reviewed these cases and note that this case is distinguishable from those granting injunctions in one critical point. The cases where antisuit injunctions have issued all involved situations where the original suit was filed in Louisiana and one party sought to obtain a judgment from another jurisdiction. This case is just the opposite. The original suit was filed in Tennessee State Court. Furthermore, as a general rule, a pending action cannot be enjoined in a separate action. Levee Construction Company, Inc. v. Equitable Casualty & Surety Co. of New York, 173 La. 648, 138 So. 431 (1931); Karst v. Ward-Steinman, 469 So.2d 440 (La. App. 3 Cir.1985); Muller v. Landry, 170 So.2d 922 (La.App. 3 Cir.1965).
Moreover, we note that Schering-Plough had an adequate remedy at law to avoid the costs of duplicative litigation. Louisiana Code of Civil Procedure article 532 provides that when a suit is pending in the court of another state dealing with the same transaction or occurrence, a defendant or a trial court on its own motion may stay the Louisiana proceeding until the first has been discontinued or until final judgment is rendered.
Schering-Plough concedes (in fact insists) that the Tennessee suit is still pending and that the two suits are virtually identical. It is clear then that Schering-Plough should have sought to have the proceeding in Louisiana stayed pending the outcome of the original suit. Likewise, we feel the trial court should have stayed the proceedings in this *789 case until the suit in Tennessee is either dismissed or otherwise terminated. See Transamerica Ins. Co. v. Whitney National Bank, 251 La. 800, 206 So.2d 500 (1968).
Likewise, Schering-Plough's argument that the filing of suit in Tennessee is an attempt by the plaintiffs to avoid the laws of Louisiana is without merit. Schering-Plough itself seeks to avoid the prescription laws of its home state by failing to take advantage of the remedy provided to it under Louisiana law. In any event, such claims are merely appeals to equity. As a court of the civilian tradition, we must first turn to our codes. Having done so, we find that Schering-Plough has no grounds for the harsh and drastic remedy of an injunction. Our resolution of this issue makes discussion of plaintiffs' remaining assignment unnecessary.
For the reasons assigned, the judgment of the trial court is reversed. It is hereby ordered and decreed that the trial of this matter in the 27th Judicial District Court of the Parish of St. Landry, State of Louisiana, is stayed pending the dismissal or termination of the suit between the same parties involving the same subject matter pending in the Tennessee State Court.
REVERSED AND RENDERED.

ON REHEARING
PER CURIAM.
The plaintiffs have applied for rehearing on the grounds that in its original opinion this court stayed the proceedings in the twenty-seventh judicial district on its own motion, thereby granting defendants relief to which they would otherwise not be entitled. After further review, we conclude that the plaintiffs are correct. As noted in our previous opinion, defendant had an adequate remedy at law to avoid duplicative litigation. See La.Code Civ.P. art. 532. Defendant did not pursue that remedy and, by making an appearance, waived their right to object. See La.Code Civ.P. art. 925.
For these reasons, we hereby grant a rehearing for the limited purpose of amending the original opinion to lift the stay imposed by this court.
REHEARING GRANTED.