11 YELVERTON, J.
The Hart family filed this suit against the Weinstein family to enjoin them from using the name Haas-Hirsch. The trial court rejected the Hart family’s demands.
The Hart family members and the Wein-stein family members are undivided owners of about 40,000 acres in St. Landry and surrounding parishes. They receive revenues from the property mainly in the form of rent and oil and gas | ¡.royalties, and from farming and timber operations. These business revenues are shared in proportion to their ownership.
The land was originally acquired by Captain Sam Haas. Natalie Haas Hirsch inherited it from him. She conveyed it through trusts to her two daughters, Emily Rose Hirsch Hart and Johnice Hirsch Weinstein Baker, and her grandchildren. *73 Emily and her son Max are the plaintiffs in this suit and represent the Hart side of the family. Johnice Baker’s children, Morris Hirseh Weinstein, John Haas Weinstein, Annie Weinstein Richardson, and Denise Weinstein Thistlethwaite, are the defendants, and they represent the Weinstein side of the family.
In 1972 a new Haas-Hirsch office was built on Court Street in Opelousas to house the management headquarters of the family-owned property. The heirs always conducted the business of managing the property together even though some of the family members did not get along too well. Around 1993-1994, a management committee was set up to help alleviate some of the friction. Emily Hart appointed two family members to this committee, and Johnice Baker appointed two family members to the committee. The committee held its meetings in the Haas-Hirsch building.
This committee mechanism was in place on March 18, 1997, when Johnice Baker died. At that time the trusts on her side automatically terminated, and her four children became the owners of a one-half undivided interest in all the property. Meetings were held on April 21 and May 19, 1997, to discuss the future operations of Haas-Hirsch. At these meetings the Weinsteins decided to open some separate accounts for their own accounting purposes. They generally operated under |3the name Heirs of Johnice Baker with respect to these accounts. The Harts continued to use the old account names since their trusts remained in place. There was no partition.
Meanwhile, Max Hart, Emily’s son, unbeknownst to the Weinstein family, had registered several names with the Secretary of State which used the name Haas-Hirsch. In February 1998, when they found out that Max had registered several names, the Weinsteins registered the name Haas-Hirsch Heirs, because they wanted to use the name too. On February 16, 1998, Max sent a letter to all four Weinstein children asking that they stop using the Haas-Hirsch name. Eleven days later, Max and his mother filed suit against the Weinstein family seeking to enjoin their use of the name Haas-Hirsch.
After a two-day trial, the trial court denied the Hart family’s request for a preliminary injunction. In a per curiam stating that the parties acknowledged that the injunction issues had been fully tried and determining that there was no just reason for delay, the trial court designated its judgment as a final judgment. The Harts appealed. We affirm.
In their pleadings, and at the trial, the Harts invoked the law of unfair competition to demand injunctive relief. The Harts continue in this appeal to treat this as a trade name infringement case. Citing Gulf Coast Bank v. Gulf Coast Bank & Trust Co., 94-2203 (La.4/10/95), 652 So.2d 1306, they argue that the primary issues in a trade name infringement case are (1) whether the party seeking the injunction has a protectable proprietary right in the name it seeks to exclude others from using, and (2) if so, whether there has been an infringement of that right. TheJjHarts claim that the trial court, in denying in-junctive relief, applied the wrong law to the case and, thus, reached the wrong conclusion. The Harts maintain that they have proved they have a protectable proprietary interest in the Haas-Hirsch name and that the Weinsteins have infringed upon that interest.
The Hart interests do not want the Weinstein interests to use the name Haas-Hirsch in any form or fashion. Nevertheless, the Hart interests seem to concede that the name is commonly owned when they allege in Article VI of their petition:
For over one hundred years Haas-Hirsch has owned and managed properties (the “properties”) throughout this parish [St. Landry] and in several other parishes in this State under the name of “Haas-Hirsch” and as a precedent to other trade names used by Haas- *74 Hirseh, such as Haas-Hirsch Operating, Haas-Hirsch Interests, Haas-Hirsch Farms, Haas-Hirsch-Hart Interests, L.L.C., and Haas Property Trust.
In their answer to the petition, the Wein-stein side admitted the allegation of Article VI as to common ownership by these aver-ments:
Defendants, petitioners, and their ancestors have for years, owned and managed properties in St. Landry Parish, and in other parishes as “Haas-Hirsch.”
The trial judge found as a fact after trial, and so stated in his reasons for judgment, that the Weinstein family and the Hart family had jointly owned and managed the family business for over a century.
On these facts we conclude that the Harts and the Weinsteins are co-owners in undivided ownership of Haas-Hirsch — the business, the property, and the name. Therefore, the law of unfair competition does not govern this case.
| sAs revealed by the decision in Barrera v. Ciolino, 92-2844 (La.5/5/94), 636 So.2d 218, a business or trade name may be bought and sold. It is property. The fact that this lawsuit is taking place demonstrates that to the parties the name Haas-Hirsch has considerable value.
Louisiana Revised Statutes 51:211 defines “trade name” as follows:
D. The term “trade name” means a word, name, symbol, device or any combination thereof used by a person to identify his business, vocation or occupation and distinguish it from the business, vocation or occupation of others.
The law of unfair competition applies to trade names. Gulf Coast Bank, 652 So.2d 1306. Competition necessarily means that more than one business is involved. We normally think of competition as involving at least two businesses. The above statute’s definition of “trade name,” as part of the developing law of unfair competition, imports the circumstance of one person’s business as distinguished from the business of others.
 In the present case there is but one business, not two. That business has gone by the name of Haas-Hirsch for a very long time. In 1997 the ownership of an undivided one-half of Haas-Hirsch moved from trusts to individuals by the death of Johnice Baker. The business, however, did not change. The creation of new accounts did not change that either. The plaintiffs are undivided co-owners of that business along with the defendants. They were before 1997, and they remain so now. Both sides are owners of the same thing, the business known as Haas-Hirsch, in indivisión. La.Civ.Code art. 480. As reflected by the revision comments of this article, two persons cannot be owners of the whole of the same thing, but they can be owners in | ^common of the same thing. It follows that both the plaintiffs and the defendants are the owners of the name “Haas-Hirsch.”
In his excellent reasons for judgment, the trial judge made this insightful observation:
This is not a case where we have two different families operating two different grocery stores on opposite ends of the block. Certainly there could be mass confusion and problems arising out of two competing businesses with the same name, however, these are not two competing businesses. What is going to be good business for the Hart family is going to be good business for the Wein- - stein family, since after all they own the same assets in indivisión.
A co-owner is entitled to use the thing held in indivisión according to its destination, but he cannot prevent another co-owner from making such use of it. La.Civ. Code art. 802. As against third persons, a co-owner has the right to use and enjoy the thing as if he were the sole owner. Id. Under this article neither the Hart interests nor the Weinstein interests have a right to the exclusive use of the name Haas-Hirsch as against each other.
*75 We affirm the judgment of the trial court. Costs will be borne by the Hart family.
AFFIRMED.