WALTER J. HORRELL
v.
LISA C. MATTHEWS.
No. 2006 CA 1838.
Court of Appeals of Louisiana, First Circuit.
August 15, 2007.
WALTER HORRELL Plaintiff-Appellant.
Covington, LA In Proper Person.
KATHLEEN D. LAMBERT Attorney for STEPHENSON, MATTHEWS, CHAVARRI & LAMBERT, L.L.C. Defendant-Appellee. New Orleans, LA Lisa C. Matthews.
BEFORE: PARRO, GUIDRY, and McCLENDON, JJ.
PARRO, J.
Walter J. Horrell appeals a judgment denying his motion for a preliminary injunction in this possessory action. We affirm the judgment and remand.

BACKGROUND
There is a long history behind the matter currently before this court. Edward A. Horrell, Sr. (Edward) died while domiciled in New Orleans in 1993, leaving a surviving spouse and five adult children, one of whom is the appellant in this case, Walter J. Horrell (Walter). Edward's widow opened a succession and petitioned for appointment as administratrix, believing he was intestate. However, Walter filed a separate petition to have his father's statutory will probated and to be appointed executor of his succession. The will transferred to Walter a disproportionately large portion of his father's estate, consisting of immovable property with the municipal address of 711 West 19th Street, Covington, Louisiana, where Walter and his wife live. Walter's mother and siblings claimed the will was invalid, due to Edward's lack of testamentary capacity when it was executed. The two lawsuits were consolidated, and after a hearing, the trial court in Orleans Parish denied the petition to nullify the will and the rule to remove Walter as executor. The appellate court concluded the trial court's judgment was manifestly erroneous, because the evidence clearly established that Edward was mentally incapable of executing a juridical act when the will was signed. It reversed the judgment, declared the will a nullity, and remanded for further proceedings. Succession of Horrell, 95-1598 (La. App. 4th Cir. 9/11/96), 680 So.2d 725, writ denied, 96-2841 (La. 1/31/97), 687 So.2d 403.
Upon remand, Walter petitioned to be appointed administrator of his father's intestate succession, which was opposed by his mother and siblings. The trial court denied his request, based on: (1) the finding that Walter, who is an attorney, had persuaded his hospitalized father to sign the will transferring the Covington property to him, when he knew his father could not understand the consequences of this juridical act; and (2) the extraordinary animosity existing among the heirs in this case. The judgment was affirmed on appeal. Succession of Horrell, 97-2115 (La. App. 4th Cir. 3/25/98), 709 So.2d 1069, writ denied, 98-1023 (La. 5/29/98), 720 So.2d 669. Lisa C. Matthews was eventually named provisional administratrix of the succession
On the same day that Edward signed the will that was later nullified for lack of testamentary capacity, he also signed an act of donation inter vivos, which was also presented to him by Walter, and in which he donated to Walter the same immovable property in Covington, Louisiana. However, before Edward died, he and his wife, acting as his agent, petitioned the Twenty-Second Judicial District Court (22nd JDC) to have the donation inter vivos revoked for lack of juridical capacity. After Edward's death and many legal maneuverings, the petition was eventually amended to name Matthews, in her capacity as provisional administratrix, as the plaintiff. Matthews filed a motion for summary judgment, alleging that Edward's mental incapacity to execute a juridical act had already been determined in the earlier suit contesting the will, and therefore, the nullity of the donation inter vivos was res judicata. The trial court granted the motion, and this court affirmed on rehearing. Horrell v. Horrell, 99-1093 (La. App. 1st Cir. 10/6/00), 808 So.2d 363 (on rehearing), writ denied, 01-2546 (La. 12/7/01), 803 So.2d 971.[1]
The current matter stems from Matthews' efforts to inventory and appraise movables formerly owned by Edward and purportedly located in or on the immovable property at 711 West 19th Street in Covington. After Walter had rebuffed many attempts to get access to the property, the trial court granted Matthews' motion to compel the inventory and appraisal, ordering Walter to make the entire premises available to the notary and appraisers who had been appointed to conduct the inventory. However, the inventory process was again thwarted by Walter and his wife.[2] Therefore, Matthews filed a "Rule to Evict" in the 22nd JDC, which was set for hearing on March 9, 2006.
Two days before the eviction hearing, Walter filed the possessory action that is the subject of this suit[3] and obtained a temporary restraining order (TRO) against Matthews and her agents, preventing them from going onto or into the property or evicting him and his wife from it. The TRO expired after 10 days, and Matthews filed an answer, a reconventional demand, and a third-party claim against Walter's wife, Edna, claiming the succession owned the Covington property and that Walter and Edna were precarious possessors, because their possession had been allowed by the decedent and, after his death, by the succession representative. A hearing was set for May 17, 2006, to consider Walter's motion for a preliminary injunction. Matthews opposed the motion on the grounds that an action seeking injunctive relief could not be used to block the court's authority to act in the pending succession proceeding and/or in the pending eviction suit. The trial court rendered a judgment on that basis, denying Walter's motion for injunctive relief and ordering him to file with the court handling the succession any claim he may have for reimbursement of expenses associated with his occupancy of the Covington property.[4] Walter then moved for, and the court granted, a devolutive appeal from the judgment rendered in open court on May 17, 2006, denying his request for injunctive relief and ordering him to make his reimbursement claims in the succession proceeding.[5]

APPLICABLE LAW
Louisiana Code of Civil Procedure article 3612(B) provides, in pertinent part, that "[a]ri appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction." The right of appeal granted by this article is not restricted to judgments which grant injunctive relief. Rather, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. Country Club of Louisiana Property Owners Ass'n, Inc. v. Dornier, 96-0898 (La. App. 1st Cir. 2/14/97), 691 So.2d 142, 144 n.1. The question of whether the preliminary injunction should be granted or denied is addressed to the sound discretion of the trial court, and its decision will be disturbed on review only in cases where a clear abuse of its discretion has been shown. Lassalle v. Daniels, 96-0176 (La. App. 1st Cir. 5/10/96), 673 So.2d 704, 708, writ denied, 96-1463 (La. 9/20/96), 679 So.2d 435, cert. denied, 519 U.S. 1117, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997).
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury, loss, or damage if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. See LSA-C.C.P. art. 3601; State Machinery & Equip. Sales, Inc. v. Iberville Parish Council, 05-2240 (La. App. 1st Cir. 12/28/06), 952 So.2d 77, 81. A possessory action is one brought by the possessor of immovable property to be maintained in his possession of the property when he has been disturbed, or to be restored to the possession when he has been evicted. LSC.C.P. art. 3655. Injunctive relief to protect or restore possession of immovable property is available to a plaintiff in a possessory action, during the pendency thereof. LSA-C.C.P. art. 3663. Unlike most injunctive relief, Article 3663 requires no showing of irreparable harm by the plaintiff. Carbo v. City of Slidell, 01-0170 (La. App. 1st Cir. 1/8/03), 844 So.2d 1, 11, writ denied, 03-0392 (La. 4/25/03), 842 So.2d 400. Whether the injunction is sought under LSA-C.C.P. art. 3601 or LSA-C.C.P. art. 3663, however, the plaintiff cannot obtain a preliminary injunction without making a prima facie case that he will prevail on the merits. Ormond Country Club v. Dorvin Developments, Inc., 498 So.2d 144, 150 (La. App. 5th Cir. 1986), writ denied, 500 So.2d 423 (La. 1987).
Although an actual eviction is a disturbance in fact that gives rise to a possessory action, an eviction proceeding is a disturbance in law that asserts the right of ownership in an action or proceeding, which is an exception to the right to institute a possessory action. See LSA-C.C.P. art. 3659. Therefore an eviction proceeding is not a "disturbance" that will serve as a basis for a possessory action. Jackson v. Campco of Monroe, Inc., 623 So.2d 1380, 1383 (La. App. 2nd Cir. 1993). Nor may a precarious possessorone whose exercise of possession is with the permission of or on behalf of the ownerbring the possessory action against the person for whom he possesses. See LSA-C.C. arts. 3437 and 3440; Hirschfeld v. St. Pierre, 577 So.2d 747, 750 (La. App. 1st Cir. 1991); Ormond Country Club, 498 So.2d at 151. In addition, since a co-owner cannot prevent other co-owners from making use of property owned in indivision, that co-owner's possession cannot divest other co-owners of their rights of use and ownership. See LSA-C.C. art. 802; see also Hart v. Weinstein, 98-1398 (La. App. 3rd Cir. 3/3/99), 737 So.2d 72, 74, writ denied, 99-0939 (La. 5/14/99), 745 So.2d 11; Succession of Miller, 95-1272 (La. App. 4th Cir. 5/8/96), 674 So.2d 441, 443-44, writ denied, 96-1717 (La. 10/4/96), 679 So.2d 1390.
Finally, lawful proceedings in a pending action of any kind cannot be enjoined in a separate action. Levee Const. Co. v. Equitable Cas. & Sur. Co. of New York, 173 La. 648, 651, 138 So. 431, 432 (1931) (Nothing is better settled than that an injunction will not lie to prevent the bringing of a suit, and it necessarily follows that, after suit is brought, an injunction will not lie to prevent the confirmation of a default, a necessary step to be taken in the prosecution of the suit.); Muller v. Landry, 170 So.2d 922, 923 (La. App. 3rd Cir. 1965) (Proceedings in a pending suit cannot be enjoined in a separate action.); Lenfants Caterers, Inc. v. Firemen's Charitable and Benev. Ass'n of New Orleans, 386 So.2d 1053, 1055 (La. App. 4th Cir. 1980) (Respondent cannot prevent the filing of a lawful eviction suit by means of an injunction.); Terrebonne Parish Police Jury v. Kelly, 428 So.2d 1092, 1093 (La. App. 1st Cir. 1983) (Regardless of whether the injunction is overly broad or not, a party cannot be enjoined from bringing a suit which it has a right to bring.); Karst v. Ward-Steinman, 469 So.2d 440, 442 (La. App. 3rd Cir. 1985); S.J. v. S.M., 550 So.2d 918, 922 (La. App. 2nd Cir.), writ denied, 552 So.2d 398 (La. 1989); and Dupre v. Schering-Plough Health Care Products, Inc., 95-213 (La. App. 3rd Cir. 5/31/95), 656 So.2d 786, 788 (It is well settled that, as a general rule, a pending action cannot be enjoined in a separate action.).

DISCUSSION
The judgment of the trial court in this case states the following, in pertinent part:
A hearing on plaintiffs motion for a preliminary injunction was held on May 17, 2006.
* * *
Considering the law and arguments presented:
IT IS HEREBY ORDERED that plaintiffs motion for preliminary injunction is DENIED.
IT IS FURTHER ORDERED that Walter J. Horrell shall file any claim he may have for reimbursement for expenses associated with his occupancy of the property located at 711 W. 19th Street, Covington, Louisiana within thirty (30) days, or by June 17, 2006, with the court having jurisdiction over the Succession of Edward A. Horrell, Sr.[6]
Walter assigns the following decisions of the trial court as error: (1) dismissing his motion for a preliminary injunction; (2) refusing to allow him to put on evidence and make a record; (3) ordering him to file any reimbursement claims in the succession proceeding; and (4) signing an ex parte order purporting to dismiss the petitory action. Addressing the fourth assignment of error, we note that the order dismissing the reconventional and third-party demands that had converted the possessory action to a petitory action was separate from the judgment denying Walter's motion for a preliminary injunction. Walter's motions for appeal do not reference this order, which granted a motion filed by Matthews after judgment had already been rendered in open court denying the preliminary injunction. The only matters addressed by the judgment that was appealed involve the denial of injunctive relief and the order concerning Walter's reimbursement claims. Therefore, the issue of the dismissal of the petitory action, which Walter raised by the fourth assignment of error, is not before us in this appeal.
Walter has argued, and we agree, that generally, a judgment on a motion for a preliminary injunction is rendered only after an evidentiary hearing in which the proponent produces evidence to establish his prima facie case that he will prevail on the merits of his claim at the full trial. However, in the matter before us, the court's ruling was not based on the factual situation, but was based on the legal principle that a person is not entitled to enjoin in one division of court the actions another division of court may take in another pending lawsuit, no matter what the facts may show. The court stated:
As I understand this, there is a C.D.C. [Orleans Parish Civil District Court] suit that is ongoing at this time. This is rather a complicated matter. And it appears that there is a suit in C.D.C. There's another suit here in this court.
And I've checked the law and I can't find where you can take one suit, enjoin a party in one suit by filing an action in another suit. So I think that's what you need to address.
* * *
It's really an argument of law....
As the trial court noted, there were already two other pending cases, the succession proceeding in the Orleans Parish Civil District Court and the eviction proceeding in another division of the 22nd JDC, both of which involved the issues of possession and ownership of the Covington property. Therefore, whether this lawsuit was treated as a possessory action or one that had already been converted to a petitory action, there was no point in receiving evidence, because as a matter of law, Walter was not entitled to injunctive relief to halt judicial actions in the other pending legal proceedings. Thus, no matter what facts he might have presented, under these circumstances he could not have established a prima facie case that he would legally be entitled to injunctive relief after a trial on the merits. We find no error or abuse of discretion in the court's refusal to allow the introduction of evidence or in the denial of Walter's motion for a preliminary injunction.
Walter also states that the trial court erred in ordering him to make any claims for reimbursement of necessary expenses incurred to preserve the Covington property in the succession proceeding. He argues that he has paid the necessary and useful expenses on the property while living there for over thirteen years, and according to LSA-C.C. art. 529, he may retain possession of the property until he is reimbursed for expenses and improvements that he is entitled to claim. However, the judgment of the trial court in this case did not order him to leave the property before being reimbursed; it merely directed him to file his claims in the appropriate forum so that, if accepted, they could be paid out of the succession. See LSA-C.C.P. arts. 3241 , 3242, and 3243. Walter states in his brief to this court that he has submitted such claims to Matthews, who has ignored them. Under Article 3242, the failure to acknowledge or reject a claim is tantamount to a rejection, and gives rise to a direct action against the succession representative to enforce the claim. See LSA-C.C.P. art. 3246.
The law is clear that before the qualification of a succession representative, a successor may exercise all rights of ownership with respect to his interests in a thing of the estate, as well as his interest in the estate as a whole. LSA-C.C. art. 938(A); Succession of Bell, 06-1710 (La. App. 1st Cir. 6/08/07), ___ So.2d ___,___. A co-owner may, without the concurrence of any other co-owner, take necessary steps for the preservation of the thing that is held in indivision. LSA-C.C. art. 800; Id. However, after a succession has been opened and an administrator or administratrix has been appointed, as in this case, a successor/co-owner's exercise of his rights of ownership is subordinate to the administration of the estate. See LSA-C.C. art. 938(B). The payment of any necessary expenses or expenses for ordinary maintenance and repairs incurred by one co-owner is to be reimbursed from the other co-owners in proportion to their shares. See LSA-C.C. art. 806; Id. Since Walter had the sole use of the Covington property, his reimbursement may be reduced in proportion to the value of his use and enjoyment of it. See LSA-C.C. art. 806; Id. Walter was not divested of any rights by the trial court's order to litigate his claims against the succession in that proceeding. The trial court's order in this case merely recognized that the Covington property is listed as a succession asset and, until and unless proven otherwise, it is co-owned by all of Edward's successors, and Walter's right of co-ownership is subordinate to the administration of the succession. Therefore, the court did not err in ordering Walter to submit any claims concerning reimbursement of expenses in the succession proceeding.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the court, which denied Walter's motion for a preliminary injunction and ordered him to make his reimbursement claims concerning the Covington property in his deceased father's succession proceeding. We remand this matter for further proceedings in the possessory action. All costs of this appeal are assessed to Walter J. Horrell.
AFFIRMED AND REMANDED.
NOTES
[1] There is also an unreported case involving this succession. In re Succession of Horrell, 03-0482 (La. App. 4th Cir. 11/12/03), 859 So.2d 318, writ denied, 04-0477 (La. 4/8/04), 870 So.2d 273.
[2] In fact, Walter's wife sued the administratrix, the notary, and the appraisers, individually and in their court-appointed capacities, after they tried to inventory and appraise movable property in the residence.
[3] The possessory action was allotted to a different division of the 22nd JDC from the division hearing the eviction suit.
[4] After the judgment was rendered at the May 17 hearing, Matthews filed a motion to dismiss her reconventional and third-party demands, which, by asserting the claim of ownership of the property, had converted the suit to a petitory action. See LSA-C.C.P. art. 3657. Walter and his wife had not been served with these demands, and the trial court granted the motion to dismiss by an order signed June 21, 2006.
[5] On May 23, before the written judgment was signed, Walter filed a motion for appeal to preserve his right to appeal, citing the 15-day time limit of LSA-C.C.P. art. 3612(C). That motion was granted by the court. After the written judgment was signed, he filed another motion for appeal, again referencing the judgment rendered May 17, 2006, and signed June 21, 2006, concerning the denial of his motion for a preliminary injunction. The trial court signed this motion also.
[6] Walter's possessory action was not dismissed by this judgment. The court struck through and initialed a paragraph that would have ordered Walter to "dismiss the captioned matter in its entirety" within a certain period of time or face a request for damages for the wrongful issuance of a temporary restraining order and for sanctions under LSA-C.C.P. art. 863.