STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-667


IN RE: HARRIER TRUST



**********

SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-3020
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed ofJohn D. Saunders, Marc T. Amy, and Billy H. Ezell, Judges.


**MOTION TO SEAL GRANTED.**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY**
**BRIEF ON BEHALF OF PRESTON L. MARSHALL DENIED.**
**MOTION FILED BY EDWARD ALEXANDER AND ADAM P. JOHNSON**
**SEEKING LEAVE TO FILE A RESPONSE TO THE SUPPLEMENTAL**
**REPLY DENIED.**
**MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL REPLY**
**BRIEF ON BEHALF OF PRESTON L. MARSHALL DENIED.**
**WRIT GRANTED AND MADE PEREMPTORY.**


**Amy, J., concurs in  the result.**

Wilford D. Carter
Wilford Carter Law
1025 Mill Street
Lake Charles, LA 70601
(337) 564-6990
COUNSEL FOR APPLICANT:
    Preston L. Marshall, Beneficiary/Harrier Trust

Philip A. Franco
Leigh Ann Schell
Jeffrey E. Richardson
Adams and Reese LLP
4500 One Shell Square
New Orleans, LA 70139
(504) 581-3234
COUNSEL FOR RESPONDENT:
    Adam P. Johnson
    Edward Alexander

Hunter W. Lundy
Matthew E. Lundy
Rudie R. Soileau, Jr.
T. Houston Middleton IV
Daniel A. Kramer
Lundy, Lundy, Soileau & South, L.L.P.
P. O. Box 3010
Lake Charles, LA 70602
(337) 439-0707
COUNSEL FOR APPLICANT:
    Preston L. Marshall, Beneficiary/Harrier Trust

Walter M. Sanchez
Alexander L. Reed
The Sanchez Law Firm, L.L.C.
1200 Ryan Street
Lake Charles, LA 70601
(337) 433-4405
COUNSEL FOR RESPONDENT:
    Elaine T. Marshall

Michael Reese Davis
Tim P. Hartdegens
Hymel, Davis & Petersen, L.L.C.
10602 Coursey Blvd.
Baton Rouge, LA 70816
(225) 298-8118
COUNSEL FOR RESPONDENT:
    Elaine T. Marshall

**Todd Clemons**
**Janet D. Madison**
**Todd Clemons & Associates, APLC**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR RESPONDENT:**
**Elaine T. Marshall**


**Jeffrey W. Chambers**
**Chambers Law Firm**
**711 Louisiana Street, Suite 2150**
**Houston, TX 77002-2720**
**(713) 438-5244**
**COUNSEL FOR APPLICANT:**
**Preston L. Marshall, Beneficiary/Harrier Trust**

**John P. Lahad**
**Susman Godfrey LLP**
**1000 Louisiana Street, Suite 5100**
**Houston, TX 77002**
**(713) 653-7859**
**COUNSEL FOR APPLICANT:**
**Preston L. Marshall, Beneficiary/Harrier Trust**

**Christopher J. Akin**
**2100 Ross Ave., Suite 2700**
**Dallas, TX 75201**
**(214) 981-3812**
**COUNSEL FOR RESPONDENT:**
**Elaine T. Marshall**

**SAUNDERS, Judge.**

Relator, Preston L. Marshall (Preston), in his capacity as beneficiary of the Harrier Trust, seeks writs from two rulings by the Fourteenth Judicial District Court, Calcasieu Parish, the Honorable Anne Simon (Judge Simon), presiding ad hoc, and the Honorable Sharon Darville Wilson (Judge Wilson), presiding.

Preston seeks expedited review of the preliminary injunction entered by Judge Wilson, enjoining him from participating in litigation regarding administration of the Harrier Trust outside of the Fourteenth Judicial District Court in Louisiana. Preston has filed two supplements to the writ application. The notice of intent and this writ application were timely filed.

Preston filed an unopposed motion to have part of the writ application placed under seal.

There are three motions for leave to file supplemental briefs that have been referred to the merits.

## STATEMENT OF THE CASE

This matter arises out of the creation of the Harrier Trust in the last will and testament of E. Pierce Marshall, Sr. (Pierce Sr.), which is dated May 5, 2006. Pierce Sr. died on June 20, 2006, and succession proceedings were opened in Harris County, Texas, by his spouse, Elaine, who is the executrix of the estate and is the trustee of the Harrier Trust.

Matters related to the Harrier Trust have been before this court on three prior writ applications.[1]  Two appeals regarding the Harrier Trust are pending.[2]

Related litigation has been before this court on several other matters. Further,

---

[1] *See* 17-103, 18-466, and 18-612.

[2] *See* 18-324.

a suit is pending in Dallas, Texas, and four suits are pending in the Probate Court for Harris County, Texas.[3]

The Harrier Trust was set up for Preston's benefit. Elaine, Preston's mother, alleges that Preston demanded certain distributions from the Harrier Trust for his support, maintenance, and welfare but refused to provide the information necessary for Elaine to evaluate the request. Elaine avers that any distributions of principal to Preston are within her sole and absolute discretion under the provisions of the Harrier Trust. Preston alleges he instituted this litigation when his mother fired him from the family business in July 2015.

On October 12, 2015, within the Texas succession proceedings, Preston filed the 401 Suit against Elaine in her capacity as the executrix of Pierce Sr.'s will. It sought to compel a statutory accounting by Elaine, to gain access to the books and records of the Harrier Trust, and (as amended) to compel Elaine to perform all duties required under the Harrier Trust.

On October 29, 2015, Preston filed the 402 Suit seeking a declaratory judgment against Pierce Jr. and Elaine. Preston sought an order declaring that he was entitled to certain disclosures regarding the Harrier Trust and an order compelling Pierce Jr. and Elaine to make those disclosures.

On July 19, 2016, Preston sought an injunction against Elaine in Texas. In response, Elaine began the litigation regarding the Harrier Trust in Louisiana by filing a petition for declaratory relief on July 22, 2016. She alleged that Preston's actions prevented her from presenting her accounting for approval and sought

---

[3] These are: (1) the succession proceedings for Pierce Sr. (No. 365,053); (2) No. 365053-401 (Texas Fourteenth Court of Appeals numbers 14-17-839, 14-18-94, 14-18-95, 14-18-425, and 14-18-466), the 401 Suit; (3) No. 365053-402 (Texas Fourteenth Court of Appeals number 14-18-425), the 402 Suit; and (4) No. 365053-404 (Texas Fourteenth Court of Appeals number 14-17-930), the 404 Suit.

2

guidance for the performance of her obligations under the Harrier Trust. Elaine also sought a declaration that a judgment rendered in Wyoming in the matter captioned "In the Matter of EPM Fiduciary Service Company, LLC, Trustee" was entitled to full faith and credit in Louisiana.[4]

Preston intervened in the Louisiana suit and asserted exceptions of lis pendens, improper venue, and lack of subject matter jurisdiction, which were denied by the trial court. This court denied Preston's writ application.

Elaine filed a motion for partial summary judgment seeking approval of the December 2016 appointment of Alexander, Johnson, Dr. Wayne S. Thompson, Judge Lilynn Cutrer (Fourteenth Judicial District Court), and Dr. Karen Aucoin as co-trustees of the Harrier Trust. The hearing of that motion was stayed by Judge Wilson after Preston obtained injunctive relief that enjoined Elaine from taking any action with the co-trustees regarding the Harrier Trust outside of the Texas court and suspending the trustee powers, obligations, responsibilities and rights to compensation. The Texas court found that "Preston ha[d] demonstrated a likelihood of success on the merits."

On September 29, 2017, Preston sought a TRO and other injunctive relief as well as a declaration that the appointment of the five purported co-trustees violated the terms of the Harrier and Falcon Trusts. (The 404 Suit.) In the 404 Suit, Preston obtained an order compelling the production of certain documents prepared by Johnson (the Johnson Documents). In Louisiana, the co-trustees obtained a protective order regarding the Johnson Documents.

---

[4] EPM Fiduciary Service Company, LLC, is the trustee of the EPM Marital Income Trust, which is a Wyoming Trust. The Harrier and Osprey Trusts are the remaindermen who are to receive distribution of the trusts' assets following Elaine's death.

On November 7, 2017, the Texas court issued a temporary injunction enjoining the purported co-trustees from "[a]ttempting to circumvent the Court's jurisdiction over the Harrier and Falcon Trust[s] by 1) seeking validation of the compensation provisions. . ."[5] The Texas court made a specific finding of fact that "[t]he Louisiana lawsuit is a threat to the proper jurisdiction" of the Texas court. Nonetheless, Johnson and Alexander had their motion for partial summary judgment put back on the docket, and Judge Wilson granted it by judgment signed January 11, 2018. That judgment is the subject of a pending appeal in 18-324.

This court vacated a TRO enjoining Preston and anyone acting in concert with him from filing, proceeding with, or participating in any litigation or proceeding related to the administration of the Harrier Trust outside of the Louisiana court. This court's ruling was based on the finding that Alexander and Johnson and the trial court failed to comply with the requirements of La.Code Civ.P. arts. 3603 and 3604. *See* 18-466.

Preston sought to recuse Judge Wilson because she is presiding over this case which involves another judge from the Fourteenth Judicial District Court, Judge Cutrer, who was made a co-trustee of the Harrier Trust. According to Preston, when Judge Wilson granted the TRO, it benefited Judge Cutrer.

The motion to recuse was assigned to Judge Clayton Davis (Judge Davis), who had been a partner in one of the firms representing Preston. Judge Davis recused himself, and sent an order to the Louisiana Supreme Court requesting that an ad hoc judge be assigned. Elaine took a writ directly to the Louisiana Supreme Court asking that Judge Davis' order be vacated because it was highly critical of

---

[5] The injunction also enjoined the purported co-trustees from taking certain other actions. The Texas court, in issuing the injunction, also made a finding that "Preston is likely to succeed on his claim that compensation provisions . . . violate the terms of the Trusts." The compensation package for the co-trustees of the Harrier Trust is estimated to be $20-30 million on an annual basis. Alexander and Johnson contend that the amount of compensation has not been determined.

4

Judge Cutrer and included his own narrative of the case. The Louisiana Supreme Court vacated Judge Davis' order. *In Re: Harrier Trust*, 18-1090 (La. 7/13/18), 248 So.3d 1285. Preston's motion to recuse was then assigned to Judge Simon, who was appointed ad hoc by the Louisiana Supreme Court.

A hearing was held on July 23, 2018, and Judge Simon denied the motion on the ground of waiver because motions to recuse are waived if not filed prior to trial or hearing once the alleged facts supporting the motion are known. *See Gaspard v. Horace Mann Insurance Company*, 17-1140 (La.App. 3 Cir. 5/9/18), 247 So.3d 778. Preston proffered the testimony of Judge Davis, who stated that he became aware of Judge Cutrer's appointment as co-trustee of the Harrier and Falcon Trusts in January of 2017. He stated that Judge Wilson told him that she had spoken to Judge Cutrer and that Judge Cutrer had assured her that there was no issue. Judge Cutrer allegedly testified that she had not discussed her appointment with any of the judges at the Fourteenth Judicial District Court.

No writ was initially filed with respect to this ruling, and Preston filed a second motion to recuse alleging actual bias based on the alleged ex parte communication described by Judge Davis. Judge Wilson stated that the conversation as alleged did not occur. Judge Wilson stated that in her capacity as Chief Judge of the Fourteenth Judicial District Court, she relayed Judge Davis' concerns to Judge Cutrer. Judge Cutrer responded to Judge Wilson by stating that she, Judge Cutrer, had sought an opinion from an ethics expert, and based on that, Judge Cutrer did not feel that there was any violation of the Code of Judicial Conduct. Judge Wilson did not assign the motion to recuse to another judge and denied it, stating that Preston "failed to state a valid basis for recusal."

Alexander and Johnson argue that Preston's motions to recuse are merely stalling tactics designed to give him time to get a TRO from the Texas courts before

they could get one in Louisiana. They point out that when the motion for summary judgment was initially set for hearing, Preston sought and received a stay allegedly to conduct discovery. During that stay, Preston did depose Judge Cutrer, but he also sought and obtained injunctive relief in the Texas court as discussed above.

On August 7, 2018, this court upheld Judge Wilson's denial of the motion to recuse. *See* 18-612. Preston filed a writ application with the Louisiana Supreme Court on September 6, 2018, which is still pending. Now, Preston challenges Judge Simon's denial of his motion to recuse.

Also, on August 7, 2018, Judge Wilson granted a TRO after a phone conference. Then, on August 16, 2018, Judge Wilson granted a preliminary injunction enjoining Preston from participating in any proceedings related to the administration of the Harrier Trust anywhere other than the Fourteenth Judicial District Court. This ruling is the subject of the present writ application and an unlodged appeal.

This court calls up writ application 18-667 for the purpose of issuing a written opinion. We find that there is no need for additional briefings or oral argument.

## SUPERVISORY RELIEF

"An appeal *may* be taken of right from an order or judgment relating to a preliminary or final injunction[,] but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders." La.Code Civ.P. art. 3612(B) (emphasis added). While "[a] preliminary injunction is an interlocutory procedural device designed to preserve the *status quo* between the parties pending a trial on the merits[,] . . . a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal." *Bernhard MCC, LLC v. Zeringue*, 18-30, p. 4 (La.App. 5 Cir. 5/30/18), 250 So.3d 342, 347.

6

Louisiana Code of Civil Procedure Article 3612 uses the permissive "may" rather than "'shall[,]' indicating than an appeal is permitted, but not mandated, to seek review of judgments relating to injunctions." *Mik-Lee, Inc. v. City of New Orleans*, 581 So.2d 261, 264 (La.App. 4 Cir. 1990), *writ denied*, 576 So.2d 28 (La.1991). *See also* La.Const. Art. 5 §10 and La.Code Civ.P. art. 2201. "If a party elects to seek review by applying for supervisory writs, it must be done within the same time limits allowed for an appeal of the judgment complained of, which is 15 days under La.C[ode] C[iv.]P. art. 3612." *First Bank and Trust v. Duwell*, 11-104, p. 5 (La.App. 4 Cir. 5/18/11), 70 So.3d 15, 17 n.5.

Alexander and Johnson object to this court's review of the preliminary injunction under its supervisory jurisdiction and argue that a review by appeal would give the parties the opportunity to have oral argument. They also note that Preston was granted an order of appeal on August 22, 2018, by the trial court.

The notice of appeal was received by this court's clerk of court on August 30, 2018. The notice of intent to file this writ application was filed on August 22, 2018, the same day that the order of appeal was signed in the trial court. The order setting a return date of September 15, 2018, was also signed on August 22, 2018. The writ application was filed on August 29, 2018, within fifteen days of the issuance of the preliminary injunction.

Based on the above cited cases, we find that review under this court's supervisory jurisdiction is appropriate because it is probable that by the time any appeal of the preliminary injunction would be completed, the issues presented therein would be moot.

Alexander and Johnson oppose the request for expedited consideration and the writ application because the Texas court issued judgments that the Texas cases on appeal are "abated, treated as closed cases, and removed from the court's active

7

docket" in deference to the preliminary injunction issued by the Louisiana court. They allege that because they have challenged the Texas court's jurisdiction and are appearing in those proceedings under a "Special Appearance," they can take no action in the Texas proceedings without waiving jurisdiction.

Preston, however, contends that Elaine withdrew her plea as to lack of jurisdiction in her second amended answer and that two judges who have presided over the Texas proceedings denied Elaine's assertions of lack of jurisdiction over the Harrier Trust.

In asserting that expedited consideration is not warranted, we find that Alexander and Johnson fail to disclose that the abatement orders all require Preston to advise the Texas court of "the status of the preliminary injunction by **October 29, 2018**, or within **10 days** of any material change in the status of the preliminary injunction, whichever is sooner" because "[t]he appeals will be reinstated on [the] court's active docket on or after October 29, 2018, or sooner if appropriate."

But, Preston also leaves out key details in his assertion that expedited consideration is necessary because Alexander and Johnson are threatening him with contempt proceedings. There was a deadline for Preston to file a brief right after the issuance of this injunction. Rather than miss the deadline, Preston petitioned the Texas court for an abatement order. What Preston fails to mention is that he sought abatement of only one of the Texas suits. Alexander and Johnson then asserted that they would seek contempt sanctions if Preston did not follow the same course of action in all of the Texas suits.

Although there are no currently scheduled trial or hearing dates in this suit, we find that the expeditious consideration of these writ applications is warranted because of the pending appeals in the Louisiana court, because of the appeals waiting to be placed back on the active docket of the Texas court, and because of the recusal

8

issue, which calls into question the validity of any rulings made by Judge Wilson while the outcome of the recusal issue is pending.

## ON THE MERITS

### *Motions for Leave*

Preston filed a sixteen-volume writ application, a two-volume first supplement, a one-volume second supplement, and a reply to Alexander and Johnson's opposition. Alexander and Johnson filed an opposition and a supplemental opposition.

A. Preston filed a motion for leave to file a supplemental reply brief in order to respond to Alexander and Johnson's contention that *Spinosa v. Spinosa*, 05-1935 (La. 7/6/06), 934 So.2d 35, is no longer good law. As such, no additional brief is needed in this regard since this court is capable of making that determination without a brief filed by Preston. Therefore, this motion is denied.

B. Alexander and Johnson filed a motion for leave to file a response to Preston's supplemental reply asserting that if Preston was allowed to file his supplemental reply, they should be allowed to respond to it because Preston included citations to provisions of the trust code that he had not previously cited. Since Preston's motion is denied, this motion is denied.

C. Preston filed a motion for leave to file a second supplemental reply asserting that if Alexander and Johnson get to file another brief, so should he. The proposed brief is two paragraphs and simply says that Alexander and Johnson are attempting to have the last word. We deny this motion.

### *18-667 Preliminary Injunction*

"[A] trial court has broad discretion in deciding whether to grant injunctive relief." *Dupre v. Schering-Plough Health Care Prod., Inc.*, 95-213, p. 3 (La.App. 3 Cir. 5/31/95), 656 So.2d 786, 788.

Judge Wilson granted a preliminary injunction "enjoining and prohibiting Preston Marshall, and all persons in active concert or participation with him, from filing, proceeding with or participating in any litigation or proceeding related to the administration of the Harrier Trust outside of this Court, including but not limited to the appointment of the co-trustees, compensation of the co-trustees, distributions from the accumulations of the Trust, and powers, rights, responsibilities, and fiduciary duties of the co-trustees under the Trust."

"A mandatory injunction may not be issued on a merely prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction." *City of New Orleans v. Board of Dir. of La. State Museum*, 98-1170, p. 11 (La. 3/2/98), 739 So.2d 748, 756.

Judge Wilson specifically stated that she was entering a prohibitory preliminary injunction rather than a mandatory injunction as requested by Alexander and Johnson because they wanted to limit testimony to affidavits rather than present live testimony. "The court may hear an application for a preliminary injunction . . . upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases." La.Code Civ.P. art. 3609.

Preston argues that Judge Wilson abused her discretion in granting this injunction because: (A) it was improperly based on a finding that the Harrier Trust has a forum selection clause; (B) it is an improper anti-suit injunction since the Texas suit was the first-filed suit which did not involve the same parties or issues as the Louisiana suit; (C) Alexander and Johnson did not show irreparable harm and did not show that they were likely to prevail on the merits; and (D) the injunction is overbroad and vague and interferes with the Texas Probate Court's jurisdiction over

Pierce Sr.'s estate. Preston also asserts that Alexander and Johnson had been enjoined by the Texas court from taking the action they did in seeking the injunction.

We find that Preston is misguided in asserting that the scope of the injunction prevents him from acting in any proceeding that in any way involves the Harrier Trust. This injunction specifically limits its application to "any litigation or proceeding relating to the *administration* of the Harrier Trust[.]" (Emphasis added). The courts of this state have recognized that other Marshall family trusts have been set up under Louisiana law and that Louisiana has jurisdiction in litigation involving those trusts but not over the estate of the deceased and that the two can be totally separate things. *See In Re: Howard Marshall Charitable Remainder Annuity Trust*, 97-1718 (La. 3/4/98), 709 So.2d 662.

A.    *Forum Selection Clause*

Judge Wilson noted that it was her opinion that the Harrier Trust document speaks for itself and is controlling since it states that it is to be governed under Louisiana Law. Preston argues that this provision is not a broad forum selection clause but merely states that the trustee must apply to the Fourteenth Judicial District Court when seeking instructions regarding the administration of the trust. According to Preston, the clause binds only the trustee.

Preston fails to cite the rest of the language contained in the Harrier Trust Agreement. The Harrier Trust Agreement states that Pierce Sr. is "availing [him]self of the laws of the State of Louisiana and, in particular, the Louisiana Trust Code, Louisiana Revised Statute[s] 9:1721, et seq., as amended[.]" Under the section entitled "Governing Law," the Harrier Trust Agreement states: "The Trust shall be governed under the Louisiana Trust Code, Louisiana Revised Statutes 9:1721, et seq., as amended. The Trustee shall apply to the 14th Judicial District Court for Calcasieu

11

Parish, Louisiana, for instructions regarding any questions that might arise regarding administration of the Trust."

The Harrier Trust is an inter vivos trust. The trust was created prior to Pierce Sr.'s death and was not created by donation mortis causa. La.R.S. 9:1734.

Alexander and Johnson cite the Louisiana Trust Code at La.R.S. 9:2235(A)(1): "In the case of an inter vivos trust, the proper court shall be the district court of any parish that the trust instrument effectively designates as the proper court." This provision regarding "the proper court" was enacted by 2010 La. Acts No. 390, §1. It applies "to all trusts, whether created before or after the effective date of this Act[.]" *Id*.

Alexander and Johnson contend that this overruled *Spinosa*, 934 So.2d 35, on which Preston relies. Preston asserts that La.R.S. 9:2235 is a definitional clause that has nothing to do with venue and, therefore, cannot be a forum selection clause. Johnson and Alexander allege that at the time *Spinosa* was decided, La.R.S. 9:2235 was worded differently and that there was no other language in the Trust Code that equated "proper court" to venue. After the 2010 amendments to the Trust Code, Alexander and Johnson assert that the very language that *Spinosa* said did not exist was incorporated into La.R.S. 9:2235, and said language tracks the venue provision found in La.Code Civ.P. art. 41. Alexander and Johnson specifically cite the testimony of the bill's author that his intent was to provide for venue of an inter vivos trust.

Based on the foregoing arguments, we find that Judge Wilson did not err in finding that the proper forum for litigation regarding the administration of the Harrier Trust is the Fourteenth Judicial District Court.

B. *Anti-Suit Injunction*

In *Dupre*, 656 So.2d 786, the first filed suit was in Tennessee (where the defendant's corporate headquarters was located), and the parties conceded that the two suits were virtually identical. The trial court issued an injunction enjoining the plaintiffs "from proceeding with the Tennessee lawsuit or any other lawsuit against the defendant in any court other than the 27th Judicial District Court" of Louisiana. *Id.* at 787. The defendant alleged that the plaintiffs were attempting to avoid the prescriptive period provided under Louisiana law, but this court noted that the defendant was attempting to avoid the laws of its home state. This court found that the defendant was not entitled to injunctive relief but stayed the Louisiana proceedings pending the dismissal or other termination of the suit in Tennessee. The stay was lifted on rehearing because it granted the defendant relief to which it would not otherwise be entitled. This court's decision turned on the fact that the first-filed suit was in Tennessee.

In this case, the 401 Suit was the first filed. The 402 Suit was next. Neither of these suits addresses the appointment or payment of co-trustees in the Harrier Trust because Elaine had not taken any action to appoint co-trustees at the time the suits were filed. We find that these suits do involve matters that relate to the administration of the Harrier Trust because they seek to compel Elaine to provide accountings for it, to make certain disclosures about it, and to have her perform her duties as required by it.

Almost a year after the 402 Suit was filed, Elaine brought the present action in the Louisiana court. Elaine then asserted that the Texas probate court lacked jurisdiction over the Harrier Trust, but, as stated above, the two Texas judges that have presided over the succession proceedings have rejected that argument.

Next, Elaine appointed the five purported co-trustees. Preston then sought and was granted injunctive relief in the Texas probate court. That is when Alexander

and Johnson joined the suit in Louisiana. A few months later, Preston filed the 404 Suit.

This court stated that "as a general rule, a pending action cannot be enjoined in a separate action." *Dupre*, 656 So.2d at 788. "Louisiana jurisprudence clearly supports the action of a trial court in appropriate circumstances in enjoining the prosecution of a suit *subsequently* filed in another state involving the same controversy." *Cajun Elec. Power Coop., Inc. v. Triton Coal Co.*, 590 So.2d 813, 816 (La.App. 4 Cir. 1991)(emphasis added). "[I]njunctions have been granted against suits in the courts of another state to prevent vexatious harassment, oppression, or fraud, unconscionable or inequitable advantage, irreparable injury, evasion of domiciliary laws, etc. However, each case must be determined by its own facts." *Missouri Pac. Ry. Co. v. Harden*, 158 La. 889, 105 So. 2, 4 (La.1925).

An anti-suit injunction should issue where "[t]he two suits are clearly duplicative, and permitting both suits to continue only thwarts the legitimate effort to avoid a multiplicity of lawsuits for the benefit of both the litigants and the courts." *Cajun Elec.*, 590 So.2d at 818. The courts do not want to promote the multiplicity of suits because they "are expensive for the litigants and an unnecessary duplication of judicial time and effort[.]" *Transamerica Ins. Co. v. Whitney Nat'l Bank of New Orleans*, 251 La. 800, 206 So.2d 500, 502 (La.1968).

On January 3, 2017, before the 404 Suit was filed, Judge Wilson denied several exceptions filed by Preston and stated: "I have actually looked at what the filings are in Harris County[,] and the objects of those suits and the rulings that are going to be called on the Judge in Texas to make are different: and Louisiana, in this Court's opinion, is controlling." All five of the purported co-trustees are parties in only one of the Texas probate proceedings. They are not all parties in the Louisiana suit. But, the single issue concerning the propriety of the appointment of

14

the co-trustees is common to the Harrier Trust litigation in Louisiana and the 404 Suit. Of the two, the Louisiana litigation regarding the Harrier Trust was the first filed. However, the preliminary injunction is not limited to the 404 Suit. The 401 and 402 Suits relate to the administration of the Harrier Trust as noted above and as contemplated by the injunction, but they also relate to Elaine's duties as executrix of Pierce Sr.'s estate. Thus, Preston cannot be enjoined from pursuing his claims against Elaine in her capacity as executrix simply because that necessarily involves the administration of the Harrier Trust.

Moreover, the injunction only bars Preston's participation in any litigation related to the administration of the Harrier Trust in any court outside the Fourteenth Judicial District Court. It places no such restriction on Elaine or the co-trustees. Accordingly, we find that the injunction is overbroad. For these reasons, we also find that it was an abuse of discretion for the trial court to issue this preliminary anti-suit injunction. *See Dupre*, 656 So.2d 786.

C. *Irreparable Harm and Likelihood to Prevail on the Merits*

Our finding directly above in B. *Anti-Suit Injunction* that the trial court abused its discretion in granting a preliminary injunction that was overbroad pretermits this discussion.

D. *Interference with Texas Probate Court's Jurisdiction*

In granting the preliminary injunction, Judge Wilson did state that "[t]here is no part of this Court that intends on infringing on the jurisdiction of the succession of [Pierce Sr., Preston's father,] that is pending in the State of Texas, the administration, that is not the purview of this court." The Louisiana Supreme Court has recognized that the Louisiana court's jurisdiction over the Howard Marshall Charitable Remainder Annuity Trust by virtue of the fact that it was established by J. Howard Marshall, II (Preston's grandfather), under Louisiana law did not give

Louisiana jurisdiction over the succession proceedings. *In Re: Howard Marshall Charitable Remainder Annuity Trust*, 97-1718 (La. 3/4/98), 709 So.2d 662.

Further, Preston's argument that the Harrier Trust cannot be separated from Pierce Sr.'s succession is overreaching. The Harrier Trust, along with the EPM Marital Trust and the Osprey Trust (for the benefit of Pierce), was made a beneficiary of the Staurolite 2006 Grantor Retained Annuity Trust. The Staurolite is only one of seven or so annuity trusts that Pierce Sr. had. So, Pierce Sr.'s estate might make up a large part of the Harrier Trust once it passes through the EPM Marital Trust, but that will not occur until Elaine dies. The Harrier Trust Agreement specifically states that it is set up with $1,000.00 and that other property may be added by the Settlor (Pierce Sr.) or others. Elaine alleges that she has made contributions from her separate property so that the Harrier Trust now contains upwards of $20 million. Conversely, in 17-98, *In Re: Falcon Trust*, which is also a trust set up for Preston's benefit, Elaine's counsel noted that the money in the Falcon Trust came mostly from Pierce Sr.[6]

After due consideration of the above, we find the following:

**MOTION TO SEAL GRANTED.** The motion of Preston L. Marshall to seal pages 369-393 of his writ application is granted, and those documents are ordered to be filed under seal.

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF ON BEHALF OF PRESTON L. MARSHALL DENIED.**

**MOTION FILED BY EDWARD ALEXANDER AND ADAM P. JOHNSON SEEKING LEAVE TO FILE A RESPONSE TO THE SUPPLEMENTAL REPLY DENIED.**

---

[6] Similar trusts were set up for Preston's brother, Pierce.

**MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL REPLY BRIEF ON BEHALF OF PRESTON L. MARSHALL DENIED.**

**WRIT GRANTED AND MADE PEREMPTORY**.  We find that the trial court abused its discretion in entering an anti-suit injunction in this case.  *Dupre v. Schering-Plough Health Care Prod., Inc*., 95-213, (La.App. 3 Cir. 5/31/95), 656 So.2d 786, 788.  The judgment of the trial court issuing a preliminary injunction against Preston L. Marshall is reversed, and the injunction is vacated.