# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-651


**\*\*\*\*\*\*\*\*\*\***

## IN RE:  HARRIER TRUST



**\*\*\*\*\*\*\*\*\*\***

## SUPERVISORY WRIT FROM THE
## FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OF CALCASIEU, NO. 2016-3020
## HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, and Billy H. Ezell, Judges.


**WRIT DENIED.**

**Amy, J., concurs in the result.**




 **Wilford D. Carter**
**Wilford Carter Law, LLC**
**1025 Mill Street**
**Lake Charles, LA 70601**
**(337) 564-6990**
**COUNSEL FOR APPLICANT:**
    **Preston L. Marshall, Beneficiary/Harrier Trust**

**Philip A. Franco**
**Leigh Ann Schell**
**Jeffrey E. Richardson**
**Adams and Reese LLP**
**4500 One Shell Square**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR RESPONDENT:**
        **Edward Alexander**
        **Adam P. Johnson**

**Hunter W. Lundy**
**Matthew E. Lundy**
**Rudie R. Soileau, Jr.**
**T. Houston Middleton IV**
**Daniel A. Kramer**
**Lundy, Lundy, Soileau & South, L.L.P.**
**P. O. Box 3010**
**Lake Charles, LA 70602-3010**
**(337) 439-0707**
**COUNSEL FOR APPLICANT:**
        **Preston L. Marshall, Beneficiary/Harrier Trust**

**Walter M. Sanchez**
**Alexander L. Reed**
**The Sanchez Law Firm, L.L.C.**
**1200 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR RESPONDENT:**
        **Elaine T. Marshall**

**Michael Reese Davis**
**Tim P. Hartdegen**
**Hymel, Davis & Petersen, L.L.C.**
**10602 Coursey Blvd.**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**COUNSEL FOR RESPONDENT:**
        **Elaine T. Marshall**

**Todd Clemons**
**Janet D. Madison**
**Todd Clemons & Associates, APLC**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR RESPONDENT:**
        **Elaine T. Marshall**

**Jeffrey W. Chambers**
**Chambers Law Group**
**711 Louisiana Street, Suite 2150**
**Houston, TX 77002-2720**
**(713) 438-5244**
**COUNSEL FOR APPLICANT:**
    **Preston L. Marshall, Beneficiary/Harrier Trust**

**John P. Lahad**
**Susman Godfrey LLP**
**1000 Louisiana Street, Suite 5100**
**Houston, TX 77002**
**(713) 653-7859**
**COUNSEL FOR APPLICANT:**
    **Preston L. Marshall, Beneficiary/Harrier Trust**

**Christopher J. Akin**
**2100 Ross Ave., Suite 2700**
**Dallas, TX 75201**
**(214) 981-3812**
**COUNSEL FOR RESPONDENT:**
    **Elaine T. Marshall**

**SAUNDERS, Judge.**

Relator, Preston L. Marshall (Preston), in his capacity as beneficiary of the Harrier Trust, seeks writs from two rulings by the Fourteenth Judicial District Court, Calcasieu Parish, the Honorable Anne Simon (Judge Simon), presiding ad hoc, and the Honorable Sharon Darville Wilson (Judge Wilson), presiding.

Preston seeks review of Judge Simon's denial of his first motion to recuse Judge Wilson. The notice of intent and this writ application were timely filed. Two of the five purported co-trustees, Edward Alexander (Alexander) and Adam F. Johnson (Johnson), filed a brief in opposition. Elaine T. Marshall (Elaine) also filed a brief in opposition. Preston filed a reply.

## STATEMENT OF THE CASE

This matter arises out of the creation of the Harrier Trust in the last will and testament of E. Pierce Marshall, Sr. (Pierce Sr.), which is dated May 5, 2006. Pierce Sr. died on June 20, 2006, and succession proceedings were opened in Harris County, Texas, by his spouse, Elaine, who is the executrix of the estate and is the trustee of the Harrier Trust.

Matters related to the Harrier Trust have been before this court on three prior writ applications.[1] Two appeals regarding the Harrier Trust are pending.[2]

Related litigation has been before this court on several other matters. Further, a suit is pending in Dallas, Texas, and four suits are pending in the Probate Court for Harris County, Texas.[3]

---

[1] *See* 17-103, 18-466, and 18-612.

[2] *See* 18-324. The other appeal concerns the preliminary injunction that is the subject matter of 18-667, but the record has not been lodged.

[3] These are: (1) the succession proceedings for Pierce Sr. (No. 365,053); (2) No. 365053-401 (Texas Fourteenth Court of Appeals numbers 14-17-839, 14-18-94, 14-18-95, 14-18-425, and 14-18-466), the 401 Suit; (3) No. 365053-402 (Texas Fourteenth Court of Appeals number 14-18-425), the 402 Suit; and (4) No. 365053-404 (Texas Fourteenth Court of Appeals number 14-17-930), the 404 Suit.

The Harrier Trust was set up for Preston's benefit. Elaine, Preston's mother, alleges that Preston demanded certain distributions from the Harrier Trust for his support, maintenance, and welfare but refused to provide the information necessary for Elaine to evaluate the request. Elaine avers that any distributions of principal to Preston are within her sole and absolute discretion under the provisions of the Harrier Trust. Preston alleges he instituted this litigation when his mother fired him from the family business in July 2015.

On October 12, 2015, within the Texas succession proceedings, Preston filed the 401 Suit against Elaine in her capacity as the executrix of Pierce Sr.'s will. It sought to compel a statutory accounting by Elaine, to gain access to the books and records of the Harrier Trust, and (as amended) to compel Elaine to perform all duties required under the Harrier Trust.

On October 29, 2015, Preston filed the 402 Suit seeking a declaratory judgment against Pierce Jr. and Elaine. Preston sought an order declaring that he was entitled to certain disclosures regarding the Harrier Trust and an order compelling Pierce Jr. and Elaine to make those disclosures.

On July 19, 2016, Preston sought an injunction against Elaine in Texas. In response, Elaine began the litigation regarding the Harrier Trust in Louisiana by filing a petition for declaratory relief on July 22, 2016. She alleged that Preston's actions prevented her from presenting her accounting for approval and sought guidance for the performance of her obligations under the Harrier Trust. Elaine also sought a declaration that a judgment rendered in Wyoming in the matter captioned

"In the Matter of EPM Fiduciary Service Company, LLC, Trustee" was entitled to full faith and credit in Louisiana.[4]

Preston intervened in the Louisiana suit and asserted exceptions of lis pendens, improper venue, and lack of subject matter jurisdiction, which were denied by the trial court. This court denied Preston's writ application.

Elaine filed a motion for partial summary judgment seeking approval of the December 2016 appointment of Alexander, Johnson, Dr. Wayne S. Thompson, Judge Lilynn Cutrer (Fourteenth Judicial District Court), and Dr. Karen Aucoin as co-trustees of the Harrier Trust. The hearing of that motion was stayed by Judge Wilson after Preston obtained injunctive relief that enjoined Elaine from taking any action with the co-trustees regarding the Harrier Trust outside of the Texas court and suspending the trustee powers, obligations, responsibilities and rights to compensation. The Texas court found that "Preston ha[d] demonstrated a likelihood of success on the merits."

On September 29, 2017, Preston sought a TRO and other injunctive relief as well as a declaration that the appointment of the five purported co-trustees violated the terms of the Harrier and Falcon Trusts. (The 404 Suit.) In the 404 Suit, Preston obtained an order compelling the production of certain documents prepared by Johnson (the Johnson Documents). In Louisiana, the co-trustees obtained a protective order regarding the Johnson Documents.

On November 7, 2017, the Texas court issued a temporary injunction enjoining the purported co-trustees from "[a]ttempting to circumvent the Court's jurisdiction over the Harrier and Falcon Trust[s] by 1) seeking validation of the

---

[4] EPM Fiduciary Service Company, LLC, is the trustee of the EPM Marital Income Trust, which is a Wyoming Trust. The Harrier and Osprey Trusts are the remaindermen who are to receive distribution of the trusts' assets following Elaine's death.

compensation provisions. . ."[5] The Texas court made a specific finding of fact that "[t]he Louisiana lawsuit is a threat to the proper jurisdiction" of the Texas court. Nonetheless, Johnson and Alexander had their motion for partial summary judgment put back on the docket, and Judge Wilson granted it by judgment signed January 11, 2018. That judgment is the subject of a pending appeal in 18-324.

This court vacated a TRO enjoining Preston and anyone acting in concert with him from filing, proceeding with, or participating in any litigation or proceeding related to the administration of the Harrier Trust outside of the Louisiana court. This court's ruling was based on the finding that Alexander and Johnson and the trial court failed to comply with the requirements of La.Code Civ.P. arts. 3603 and 3604. *See* 18-466.

Preston sought to recuse Judge Wilson because she is presiding over this case which involves another judge from the Fourteenth Judicial District Court, Judge Cutrer, who was made a co-trustee of the Harrier Trust. According to Preston, when Judge Wilson granted the TRO, it benefited Judge Cutrer.

The motion to recuse was assigned to Judge Clayton Davis (Judge Davis), who had been a partner in one of the firms representing Preston. Judge Davis recused himself, and sent an order to the Louisiana Supreme Court requesting that an ad hoc judge be assigned. Elaine took a writ directly to the Louisiana Supreme Court asking that Judge Davis' order be vacated because it was highly critical of Judge Cutrer and included his own narrative of the case. The Louisiana Supreme Court vacated Judge Davis' order. *In Re: Harrier Trust*, 18-1090 (La. 7/13/18), 248

---

[5] The injunction also enjoined the purported co-trustees from taking certain other actions. The Texas court, in issuing the injunction, also made a finding that "Preston is likely to succeed on his claim that compensation provisions . . . violate the terms of the Trusts." The compensation package for the co-trustees of the Harrier Trust is estimated to be $20-30 million on an annual basis. Alexander and Johnson contend that the amount of compensation has not been determined.

4

So.3d 1285. Preston's motion to recuse was then assigned to Judge Simon, who was appointed ad hoc by the Louisiana Supreme Court.

A hearing was held on July 23, 2018, and Judge Simon denied the motion on the ground of waiver because motions to recuse are waived if not filed prior to trial or hearing once the alleged facts supporting the motion are known. *See Gaspard v. Horace Mann Insurance Company*, 17-1140 (La.App. 3 Cir. 5/9/18), 247 So.3d 778. Preston proffered the testimony of Judge Davis, who stated that he became aware of Judge Cutrer's appointment as co-trustee of the Harrier and Falcon Trusts in January of 2017. He stated that Judge Wilson told him that she had spoken to Judge Cutrer and that Judge Cutrer had assured her that there was no issue. Judge Cutrer allegedly testified that she had not discussed her appointment with any of the judges at the Fourteenth Judicial District Court.

No writ was initially filed with respect to this ruling, and Preston filed a second motion to recuse alleging actual bias based on the alleged ex parte communication described by Judge Davis. Judge Wilson stated that the conversation as alleged did not occur. Judge Wilson stated that in her capacity as Chief Judge of the Fourteenth Judicial District Court, she relayed Judge Davis' concerns to Judge Cutrer. Judge Cutrer responded to Judge Wilson by stating that she, Judge Cutrer, had sought an opinion from an ethics expert, and based on that, Judge Cutrer did not feel that there was any violation of the Code of Judicial Conduct. Judge Wilson did not assign the motion to recuse to another judge and denied it, stating that Preston "failed to state a valid basis for recusal."

Alexander and Johnson argue that Preston's motions to recuse are merely stalling tactics designed to give him time to get a TRO from the Texas courts before they could get one in Louisiana. They point out that when the motion for summary judgment was initially set for hearing, Preston sought and received a stay allegedly

to conduct discovery. During that stay, Preston did depose Judge Cutrer, but he also sought and obtained injunctive relief in the Texas court as discussed above.

On August 7, 2018, this court upheld Judge Wilson's denial of the motion to recuse. *See* 18-612. Preston filed a writ application with the Louisiana Supreme Court on September 6, 2018, which is still pending. Now, Preston challenges Judge Simon's denial of his motion to recuse.

Also, on August 7, 2018, Judge Wilson granted a TRO after a phone conference. Then, on August 16, 2018, Judge Wilson granted a preliminary injunction enjoining Preston from participating in any proceedings related to the administration of the Harrier Trust anywhere other than the Fourteenth Judicial District Court. This ruling is the subject of the writ application in 18-667 and an unlodged appeal.

This court calls up writ application 18-661 for the purpose of issuing a written opinion. We find that there is no need for additional briefings or oral argument. However, a written opinion will avoid the possibility of having to entertain an appeal of the preliminary injunction after the consideration of it in this writ application.

## SUPERVISORY RELIEF

"A judgment denying a motion for recusation is interlocutory in nature and may be appealed only upon a showing of irreparable injury." *Augman v. City of Morgan City*, 04-1746, p. 4 (La.App. 1 Cir. 9/23/05), 914 So.2d 583, 585. "The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ." *Baxter v. Baxter*, 15-85, p. 10 (La.App. 4 Cir. 6/24/15), 171 So.3d 1159, 1166, *citing* La.Code Civ.P. art. 2201.

"An appeal *may* be taken of right from an order or judgment relating to a preliminary or final injunction[,] but such an order or judgment shall not be

6

suspended during the pendency of an appeal unless the court in its discretion so orders." La.Code Civ.P. art. 3612(B) (emphasis added). While "[a] preliminary injunction is an interlocutory procedural device designed to preserve the *status quo* between the parties pending a trial on the merits[,] . . . a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal." *Bernhard MCC, LLC v. Zeringue*, 18-30, p. 2 (La.App. 5 Cir. 5/30/18), ___ So.3d ___.

Louisiana Code of Civil Procedure Article 3612 uses the permissive "may" rather than "'shall[,]' indicating than an appeal is permitted, but not mandated, to seek review of judgments relating to injunctions." *Mik-Lee, Inc. v. City of New Orleans*, 581 So.2d 261, 264 (La.App. 4 Cir. 1990), *writ denied*, 576 So.2d 28 (La.1991). *See also* La.Const. Art. 5, §10 and La.Code Civ.P. art. 2201. "If a party elects to seek review by applying for supervisory writs, it must be done within the same time limits allowed for an appeal of the judgment complained of, which is 15 days under La.C[ode] C[iv.]P. art. 3612." *First Bank and Trust v. Duwell*, 11-104, p. 5 (La.App. 4 Cir. 5/18/11), 70 So.3d 15, 17 n.5.

Alexander and Johnson object to this court's review of the preliminary injunction under its supervisory jurisdiction and argue that a review by appeal would give the parties the opportunity to have oral argument. They also note that Preston was granted an order of appeal on August 22, 2018, by the trial court.

The notice of appeal was received by this court's clerk of court on August 30, 2018. The notice of intent to file this writ application was filed on August 22, 2018, the same day that the order of appeal was signed in the trial court. The order setting a return date of September 15, 2018, was also signed on August 22, 2018. The writ application was filed on August 29, 2018, within fifteen days of the issuance of the preliminary injunction.

7

Based on the above cited cases, we find that review under this court's supervisory jurisdiction is appropriate because it is probable that by the time any appeal of the preliminary injunction would be completed, the issues presented therein would be moot.

Alexander and Johnson oppose the request for expedited consideration and the writ application because the Texas court issued judgments that the Texas cases on appeal are "abated, treated as closed cases, and removed from the court's active docket" in deference to the preliminary injunction issued by the Louisiana court. They allege that because they have challenged the Texas court's jurisdiction and are appearing in those proceedings under a "Special Appearance," they can take no action in the Texas proceedings without waiving jurisdiction.

Preston, however, contends that Elaine withdrew her plea as to lack of jurisdiction in her second amended answer and that two judges who have presided over the Texas proceedings denied Elaine's assertions of lack of jurisdiction over the Harrier Trust.

In asserting that expedited consideration is not warranted, we find that Alexander and Johnson fail to disclose that the abatement orders all require Preston to advise the Texas court of "the status of the preliminary injunction by **October 29, 2018**, or within **10 days** of any material change in the status of the preliminary injunction, whichever is sooner" because "[t]he appeals will be reinstated on [the] court's active docket on or after October 29, 2018, or sooner if appropriate."

But, Preston also leaves out key details in his assertion that expedited consideration is necessary because Alexander and Johnson are threatening him with contempt proceedings. There was a deadline for Preston to file a brief right after the issuance of this injunction. Rather than miss the deadline, Preston petitioned the Texas court for an abatement order. What Preston fails to mention is that he sought

8

abatement of only one of the Texas suits. Alexander and Johnson then asserted that they would seek contempt sanctions if Preston did not follow the same course of action in all of the Texas suits.

Although there are no currently scheduled trial or hearing dates in this suit, we find that the expeditious consideration of these writ applications is warranted because of the pending appeals in the Louisiana court, because of the appeals waiting to be placed back on the active docket of the Texas court, and because of the recusal issue, which calls into question the validity of any rulings made by Judge Wilson while the outcome of the recusal issue is pending.

## ON THE MERITS

Louisiana Code of Civil Procedure Article 151 provides the grounds for the recusal of judges:

> A. A judge of any court, trial or appellate, shall be recused when he:
>
> . . . .
>
> (4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.

Louisiana Code of Civil Procedure Article 154 provides the "[p]rocedure for recusation," as follows:

> A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.

"A judge is presumed to be impartial." *Slaughter v. Board of Sup'rs of S. Univ. and Agric. & Mech. Coll.*, 10-1114, p. 8 (La.App. 1 Cir. 8/2/11) 76 So.3d 465, 471, *writ denied*, 11-2112 (La. 1/13/12), 77 So.3d 970. In *David v. David*, 14-999, pp. 4-5 (La.App. 3 Cir. 2/4/15), 157 So.3d 1164, 1168, *writ denied*, 15-494 (La. 5/15/15), 170 So.3d 968 (citations omitted), this court stated that "our jurisprudence requires not only a finding of actual bias or prejudice, but that the bias or prejudice 'must be of a substantial nature and based on more than conclusory allegations.'" The standard of review is abuse of discretion. *Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc.*, 00-1930, 00-1931 (La.App. 1 Cir. 9/28/01), 809 So.2d 1040.

Preston argues that the first motion to recuse was based on Judge Wilson's granting of the TRO (that was vacated and set aside by this court), which allegedly showed her "willingness to reach out beyond the scope of the litigation and confer what amounts to be an extraordinary favor on her colleague" and that this "constitutes proof of a probability and/or actual bias, and creates an appearance of impropriety simply too great for Judge [] Wilson to continue presiding over this case, and too high to be constitutionally tolerable." Preston avers that this is different from the basis for his second motion to recuse, which he identifies as the alleged ex parte communication between Judge Wilson and Judge Curter.

Preston also alleges that he would have filed a motion to recuse as soon as he learned of the alleged ex parte communication, but he did not know about it until July 2018. Although Preston asserts that he had separate and distinct grounds for each of his motions to recuse, he argues both reasons in support of this writ application. For example, Preston proffered the testimony of Judge Davis relative to the alleged ex parte communication and alleged that it *was* error for Judge Simon not to consider it in deciding the first motion to recuse.

10

Then, Preston alleges that Judge Simon abused her discretion in finding that he waived his recusation argument because there was no evidence of any bias until Judge Wilson granted the TRO in the absence of the required showing of irreparable injury in favor of her colleague who was not even a party to the litigation. He points out that Judge Cutrer was not a party to the suit for declaratory relief and alleges that she could not benefit from any declaratory relief as sought under Elaine's petition.

Preston also argues that both Judge Wilson and the Louisiana Supreme Court rejected the waiver argument advanced by Elaine and Alexander and Johnston. Preston argues that if Judge Wilson and the Louisiana Supreme Court were of the opinion that he had waived the right to ask for a recusal, Judge Wilson did not have to refer the matter to another judge, and the Louisiana Supreme Court could have refused to appoint an ad hoc judge. As asserted by Elaine, the Louisiana Supreme Court did not consider the merits of the first motion to recuse. The only issue considered by the Louisiana Supreme Court was the content of Judge Davis' order.

Louisiana Code of Civil Procedure Article 154 requires that "[i]f a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc[.]" "Nothing in the language of that article prevents a judge from referring all recusal motions without a determination as to the validity of the ground(s), or from referring a recusal motion the judge concludes lacks a valid ground." *Slaughter*, 76 So.3d at 475. It is not contemplated that the judge must determine the validity or timeliness of every motion to recuse filed against her.

Judge Cutrer was deposed in November 2017, and the summary judgment was heard on December 12, 2017. This ruling was favorable to Judge Cutrer. Further, Judge Wilson found (differently than the Texas court) that the Johnson Documents were privileged. That ruling, according to Alexander and Johnson, was also

11

favorable to Judge Cutrer. Alexander and Johnson point out that Preston never asserted a motion to recuse during any of those hearings, despite his knowing that the summary judgment sought relief that would benefit all five of the purported co-trustees even though they did not all join in the suit.

We find that when the motion for summary judgment was first filed in May 2017, Preston should have been aware that a ruling thereon would benefit Judge Cutrer even though she had not joined as a party to the suit. The summary judgment clearly sought a declaration that the appointment was valid as to Judge Cutrer. Preston alleges that Judge Wilson should have disclosed the January 2017 ex parte communication before she entered the summary judgment. He argued that Judge Wilson granted the motion because Judge Cutrer told her that she had obtained an opinion that her appointment as co-trustee was not a violation of the Code of Judicial Conduct. Then, in his reply brief, Preston asserts that the granting of the summary judgment was not a big benefit to Judge Cutrer because it did not include a finding that the fee provisions were proper. He argues that it was not until Judge Wilson reached out to "protect" Judge Cutrer in the Texas litigation by issuing the TRO that any bias was shown because a declaratory summary judgment would have no effect against Judge Cutrer as a non-party, but enjoining Preston from participating in the Texas litigation regarding the administration of the Harrier Trust would directly benefit Judge Cutrer regardless of whether she was a party to the Louisiana litigation.[6]

Preston's own argument regarding the grounds for his first motion to recuse indicate that he should have brought the motion to recuse as soon as Judge Wilson granted any ruling that was favorable to Judge Cutrer. If granting the TRO shows

---

[6] Preston asserts that Judge Cutrer is an indispensable party to any Harrier Trust litigation, but his exception of failure to join necessary parties has not been decided by the trial court.

bias by Judge Wilson in favor of Judge Cutrer, the grant of an order that benefits Judge Cutrer should have put Preston on notice that he had grounds to seek recusal.

"[A] party who fails to file a motion to recuse the judge prior to trial as required by La.Code Civ.P. art 154, despite having knowledge of the grounds for recusal waives his right to urge recusal." *Gaspard*, 247 So.3d at 736.

We find that Judge Simon did not abuse her discretion in finding that Preston waived his right to seek recusal. Because Judge Simon found waiver, witness testimony was unnecessary. Moreover, since Judge Simon did not abuse her discretion, it is unnecessary to consider Preston's argument that her failure to consider the testimony of Judge Davis was improper.

Elaine asserted that this court's denial of Preston's writ application regarding the second motion to recuse based on Judge Davis' testimony moots the instant writ application. She also asserts that Judge Davis' testimony was irrelevant to the issue of timeliness of the motion to recuse. Preston, on the other hand, asserts that the evidence of bias was unknown to him until he elicited the testimony from Judge Davis. Again, although Preston asserts that this is the ground for the second motion to recuse, he alleges that Simon abused her discretion in not considering Judge Davis' testimony. Thus, if Preston admits that he had no evidence of bias until Judge Davis testified, then his first motion to recuse had no merit even if was timely filed.

Preston argues that the disposition of the second motion to recuse does not moot the issues in the first because the grounds of each motion were independent. But, Preston also argues that if Judge Simon had allowed Judge Davis' testimony, there would have been no basis for her to deny his motion to recuse. Again, this necessitates our finding that Preston's own argument mandates a finding against him. This court has already found that there was no abuse of discretion in Judge Wilson's failure to recuse herself or to refer Preston's second motion to recuse to another

13

judge. If that is so, then it follows that Judge Simon could have denied the motion to recuse even if she had considered Judge Davis' testimony. And, although Preston argues that each motion is based on separate grounds, he continues to argue that one depends on the other.

Accordingly, we find that the writ application in 18-651 is denied for the foregoing reasons.

**WRIT DENIED.** We find no abuse of discretion in the denial of the motion to recuse.