# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-324

IN RE: HARRIER TRUST

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-3020
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Phyllis M. Keaty, D. Kent Savoie, and Van H. Kyzar, Judges.

**AFFIRMED.**

Savoie, J, dissents with written reasons.

Hunter W. Lundy
Rudie R. Soileau, Jr.
T. Houston Middleton, IV
Daniel A. Kramer
Lundy, Lundy, Soileau & South, L.L.P.
P.O. Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707
COUNSEL FOR DEFENDANT/APPELLANT:
    Preston L. Marshall

Wilford D. Carter
Wilford Carter Law, LLC
1025 Mill Street
Lake Charles, LA 70601
(337) 564-6990
COUNSEL FOR DEFENDANT/APPELLANT:
    Preston L. Marshall

Philip A. Franco
Leigh Ann Schell
Adams and Reese LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
(504) 581-3234
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Adam P. Johnson
    Pastor Edward Alexander

Walter M. Sanchez
Alexander L. H. Reed
The Sanchez Law Firm, LLC
1200 Ryan Street
Lake Charles, LA 70601
(337) 433-4405
COUNSEL FOR PLAINTIFF/APPELLEE:
    Elaine T. Marshall, Trustee/Harrier Trust

L. J. Hymel, Jr.
Tim P. Hartdegen
Michael Reese Davis
Richard A. Sherburne, Jr.
Hymel Davis & Petersen, LLC
10602 Coursey Blvd.
Baton Rouge, LA 70816
(225) 298-8118
COUNSEL FOR PLAINTIFF/APPELLEE:
    Elaine T. Marshall, Trustee/Harrier Trust

Todd S. Clemons
Janet D. Madison
Todd Clemons & Associates, APLC
1740 Ryan Street
Lake Charles, LA 70601
(337) 477-0000
COUNSEL FOR PLAINTIFF/APPELLEE:
    Elaine T. Marshall, Trustee/Harrier Trust

**KYZAR, Judge.**

The defendant, Preston L. Marshall, appeals from a trial court judgment granting partial summary judgment in favor of the plaintiff co-trustees, Edward Alexander and Adam P. Johnson, finding that Elaine T. Marshall, in her capacity as trustee of the Harrier Trust, had authority under the trust instrument to appoint five co-trustees and that the co-trustees appointed were disinterested parties to the trust. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

The Harrier Trust (the Trust) was created by the settlor, E. Pierce Marshall, Sr.,[1] on May 5, 2006, who named his wife, Elaine T. Marshall, as trustee and his son, Preston L. Marshall (referred to as Preston), as the initial beneficiary, with his surviving descendants named as secondary beneficiaries. The Trust, which is irrevocable, was created pursuant to the laws of the Louisiana Trust Code, and provided that "[t]he Trustee shall apply to the [Fourteenth] Judicial District Court for Calcasieu Parish, Louisiana, for instructions regarding any questions that might arise regarding administration of the Trust."

Matters related to the Trust have been before this court on numerous occasions,[2] and a further appeal is currently pending before this court.[3] The extensive factual background and litigation history of this matter has been

---

[1] Mr. Marshall passed away on June 20, 2006.

[2] *See In re: Harrier Trust*, 17-103 (La.App. 3 Cir. 2/17/17) (an unpublished writ); *In re: Harrier Trust*, 18-466 (La.App. 3 Cir. 6/20/18) (an unpublished writ); *In re: Harrier Trust*, 18-612 (La.App. 3 Cir. 8/7/18) (an unpublished writ); *In re: Harrier Trust*, 18-651 (La.App. 3 Cir. 10/17/18), __ So.3d __; and *In re: Harrier Trust*, 18-667 (La.App. 3 Cir. 10/17/18), __ So.3d __.

[3] The pending appeal concerns the preliminary injunction that is the subject matter of *In re: Harrier Trust*, 18-667 (La.App. 3 Cir. 10/17/18), __ So.3d __.

exhaustedly set forth by this court numerous times, and thus, will not be repeated here.

The Trust provides the trustee with general discretionary authority, stating, "The Trustee shall have the sole discretion to determine the manner, time, circumstances and conditions of the exercise of any right, power or authority vested in the Trustee." It further provides the trustee with the power to designate co-trustees, limited only as follows: "The Trustee shall be empowered to select and designate one or more disinterested individuals to serve as co-trustee and may designate a successor trustee should she cease or otherwise fail to serve as Trustee for any reason whatsoever." Other than being disinterested, the Trust sets forth no other qualifications or requirements for being a co-trustee. The Trust also gives the trustee the authority to hire managers, supervisors, accountants, appraisers, or attorneys to assist with the proper administration of the Trust.

In 2016, Mrs. Marshall, as trustee, appointed five co-trustees to serve with her in managing the trust. To accomplish this, she hired Lake Charles attorney Edwin Hunter and gave him instructions "to interview and find diverse people of very high quality and reputation" in Lake Charles who could serve as disinterested co-trustees. Mr. Hunter provided Mrs. Marshall with the resumes of such individuals, and on December 6, 2016, she appointed five individuals as co-trustees: Dr. Wayne S. Thompson, Jr., Judge Lilyann Cutrer, Dr. Karen Aucoin, Edward Alexander, and Adam P. Johnson. The notarial act appointing each co-trustee further provided the manner in which the co-trustee was to be compensated, as follows:

> Compensation for the Co-Trustees shall be determined by a formula divided by the number of Co-Trustees serving for that year and compensation shall be paid in quarterly installments or if, for whatever reason, quarterly installments are not able to be made then annually. The Co-Trustees shall divide a trustees' fee for each calendar year not to exceed forty percent (40%) of the gross trust receipts, less than any principal distribution received from any trust, during that year. The fee

2

shall equal to the sum of (1) 0.3% of (a) the calculation value, as defined below, of the trust's interest in the PLM/EPM Marital Income Trust and, (b) the fair market value of all other assets, and (3) 5% of the gross trust receipts. For the purpose of this agreement values shall be determined as of December 31st of each year. The calculation value for the trust's interest in the PLM/EPM Marital Income Trust shall equal 60% of the fair market value of that trust's corpus adjusted to present value at 6% per annum discount rate with an actuarial based on Mrs. Elaine T. Marshall's life expectancy as determined by the use of Life Table 90 CM as published by the United States Department of the Treasury. There shall be no compensation for the year 2016.

Mrs. Marshall initially filed this action as a petition for declaratory relief on July 22, 2016, alleging that her efforts to provide an accounting were impeded by the beneficiary's failure to cooperate. Subsequent to Mrs. Marshall's amendment of her petition for declaratory relief, Preston filed a motion to intervene as a defendant on November 4, 2016, which was granted by the trial court on December 15, 2016. On January 11, 2017, Mrs. Marshall filed a second amended petition for declaratory relief, in which she alleged that she had appointed the five co-trustees and asked that the trial court declare that the five co-trustees were properly appointed in compliance with the provisions of the Trust and with Louisiana trust law.

On May 12, 2017, Mrs. Marshall, along with Co-trustees Alexander and Johnson, filed a motion for partial summary judgment, requesting the trial court to declare valid the appointment of the five co-trustees pursuant to the Trust.[4] The motion for partial summary judgment raised no further issues. In response, Preston opposed the motion and filed an exception of no right of action, challenging the two co-trustees' legal right to join in the motion for partial summary judgment.

Following a December 12, 2017 hearing, the trial court denied Preston's exception of no cause of action, but granted the motion for partial summary judgment in favor of Co-trustees Alexander and Johnson, approving Mrs. Marshall's

---

[4] The September 19, 2017 court minutes indicate that Mrs. Marshall was allowed by the trial court to withdraw as a mover of the motion for partial summary judgment.

3

appointment of the five co-trustees of the Trust as having been done in compliance with the Trust and the Louisiana Trust Code. In its oral reasons for judgment, the trial court noted that Preston had remedies in place that would allow him to adjust the co-trustees' compensation, subsequent to their appointment, if he believed it too high or to seek redress from the co-trustees, should they violate the fiduciary duty they owe him as the beneficiary. As to the issue regarding the appointment of the co-trustees, the trial court held that partial summary judgment was proper because (1) the Trust clearly gave Mrs. Marshall the authority to appoint co-trustees and (2) there were no genuine issues of material fact to suggest that the co-trustees were not disinterested individuals.

Following the trial court's oral ruling on December 12, 2017, Preston filed a motion for an appeal on January 3, 2018. Thereafter, on January 4, 2018, Co-trustees Alexander and Johnson filed a motion to have the trial court's judgment certified as a final judgment pursuant to La.Code Civ.P. art. 1915(B). On January 9, 2018, the trial court granted Preston's motion for appeal. On January 11, 2018, it rendered a written judgment and certified that it was a final judgment under La.Code Civ.P. art. 1915(B).[5]

On appeal, Preston asserts the following assignments of error:

(1)     The District Court erred in granting summary judgment despite the fact that Mrs. Marshall and the Co-Trustees seek relief to which they are not entitled.

(2)     The District Court erred in not finding that a genuine issue of material fact exists regarding whether Mrs. Marshall properly exercised discretion in appointing the purported Co-Trustees.

(3)     The District Court erred in not finding that a genuine issue of material fact exists regarding whether the compensation provision violates the terms of the trust instrument.

---

[5] Although the appeal was granted in this matter prior to the rendition of a final judgment, this defect was cured by the signing of the final judgment on January 11, 2018. *See Overmier v. Traylor*, 475 So.2d 1094 (La.1985).

4

(4) The District Court erred in not finding that a genuine issue of material fact exists regarding whether the purported Co-Trustees are "disinterested individuals" as required by the trust instrument.

## OPINION

Our appellate review of a trial court's grant or denial of a motion for summary judgment is *de novo*, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839.

> Appellate courts review summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. In order to prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that he "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3); *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 4 (La. 11/29/06), 950 So.2d 544, 547. "A fact is 'material' when its existence or nonexistence may be essential to [the] plaintiff's cause of action." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755.

> When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48). Moreover, although summary judgments are now favored, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

*The Herbert & Lula Marie Fusilier Revocable Living Trust v. EnLink NGL Pipeline, LP*, 17-33, pp. 3-4 (La.App. 3 Cir. 5/24/17), 220 So.3d 904, 907, *writ denied*, 17-1432 (La. 11/6/17), 229 So.3d 474 (alteration in original).

A party to a lawsuit "may move for summary judgment for all or part of the relief" sought, and the burden of proof thereon is on the moving party whose motion should "be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(1), (3). If the mover

5

satisfies his burden, the burden then shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1).

A review of the pertinent provisions of the Louisiana Trust Code, La.R.S. 9:1721-2252, is essential to the proper analysis of the motion for summary judgment herein. As provided by the Trust Code, a trust is "the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." La.R.S. 9:1731. The trustee "shall administer the trust solely in the interest of the beneficiary." La.R.S. 9:2082(A). The "trustee shall administer the trust as a prudent person would administer it. In satisfying this standard, the trustee shall exercise reasonable care and skill, considering the purposes, terms, distribution requirements, and other circumstances of the trust." La.R.S. 9:2090(A). "If two or more trustees have the same powers, each shall participate in the administration of the trust and use reasonable care to prevent a co-trustee from committing a breach of trust and shall compel him to redress a breach of trust." La.R.S. 9:2096.

The Trust Code further provides that "[t]he nature and extent of the duties and powers of a trustee are determined from the provisions of the trust instrument, except as otherwise expressly provided in this Code, and, in the absence of any provisions of the trust instrument, by the provisions of this Part and by law." La.R.S. 9:2061. Further, except as provided for in La.R.S. 9:2061 through 9:2066, "a trustee shall exercise only those powers conferred upon him by the provisions of the trust instrument or necessary or appropriate to carry out the purposes of the trust and are not forbidden by the provisions of the trust instrument." La.R.S. 9:2111. The only legal qualifications that a natural person must have in order to serve as a trustee are

6

that they have the "full capacity to contract" and be a "citizen or resident alien of the United States[.]" La.R.S. 9:1783(A). Finally, the Trust Code provides that a trustee may only be removed from the position of trustee "in accordance with the provisions of the trust instrument or by the proper court for sufficient cause." La.R.S. 9:1789(A).

### Assignment of Error Number One

In his first assignment of error, Preston argues that the trial court erred in granting partial summary judgment in favor of the co-trustees because they sought relief to which they clearly were not entitled. He claims that the relief sought, a declaratory judgment recognizing the legitimacy of Mrs. Marshall's appointment of the five co-trustees, is not available in a case where the answer to the question at issue is clearly provided by the Trust. We disagree, finding that Preston's argument is circuitous and without merit.

With regard to the appointment of co-trustees, the Trust provides that:

The Trustee shall be empowered to select and designate one or more disinterested individuals to serve as co-trustee and may designate a successor trustee should she cease or otherwise fail to serve as Trustee for any reason whatsoever. The selection and designation of any successor trustee shall be made by notarial act or last will and testament valid under laws of the State of Texas. Should the initial trustee fail to designate a successor, Preston L. Marshall shall succeed as trustee; provided, however, that he shall have no power to invade principal, borrow against trust assets, or accumulate income. Preston L. Marshall shall have the power to designate a Special Trustee to exercise prohibited powers six months following his or her appointment.

We note that if the act of appointing disinterested co-trustees, as permitted by the Trust, is a totally discretionary function of the trustee, Preston has no grounds to complain or contest her appointments. He can, as the trial court pointed out, challenge the co-trustees' actions at a later date, if the grounds for such challenge exist, but he cannot challenge the actual appointments. On the contrary, Preston vehemently contests Mrs. Marshall's appointments, asserting that the individuals

7

chosen are not qualified and that they have ulterior motives, rendering them interested rather than disinterested parties. However, based upon the discretion afforded to Mrs. Marshall under the Trust and its provisions, allowing her to apply to the courts for instructions regarding any questions that might arise regarding the administration of the Trust, we find that her actions were indeed authorized. Preston's argument on the one hand that Mrs. Marshall cannot apply to the court for approval of her decision and on the other hand arguing that she abused her discretion in that same decision falls under the category of wanting to have his cake and eat it too. Accordingly, we find no merit in this assignment of error.

### Assignment Of Error Number Two

In his second assignment of error, Preston argues that the trial court erred by finding that no genuine issue of material fact existed regarding whether Mrs. Marshall, as trustee, properly exercised her discretion in appointing the co-trustees. He asserts that the issue of the validity of the appointments is not proper for summary judgment as it involves questions of Mrs. Marshall's subjective intent and good or bad faith in appointing the co-trustees.

In arguing that the appointments are invalid for having been made in bad faith, Preston complains that the co-trustees were personally unknown to Mrs. Marshall or him prior to their appointments as co-trustees, that they had no appreciable financial background or expertise in the management of portfolios, that one admitted that he merely took online courses to educate himself on the role of a trustee, and that their acts of delegating the authority to accumulate or distribute income of the trust to Mrs. Marshall proves the lack of good faith in their appointments. As such, Preston asserts that there are genuine issues of fact present, and as this involves subjective intent, summary judgment was not appropriate.

8

The Trust provides Mrs. Marshall with general discretionary authority, giving her the "sole discretion to determine the manner, time, circumstances and conditions of the exercise of any right, power or authority vested in the Trustee." The Trust further gives her, as trustee, the power and authority to "select and designate one or more disinterested individuals to serve as co-trustee." The Trust sets forth no further qualifications or requirements for being a co-trustee. Accordingly, there is no requirement that a co-trustee be someone personally known to Mrs. Marshall or Preston, someone that Mrs. Marshall had previously met prior to their appointment, nor someone specially educated, well-versed, or experienced in financial matters or the management of portfolios.

In this instance, the five co-trustees meet the requirements of La.R.S. 9:1783 for being a trustee in that they are natural persons, who have the capacity to contract and are citizens of the United States. They further meet the only requirement set forth in the Trust, in that they are disinterested persons. Thus, we conclude that there is no genuine issue of material fact as to Mrs. Marshall's authority pursuant to the Trust Code and to the terms of the Trust in designating the five co-trustees or as to whether the appointed co-trustees are qualified to serve in that capacity.

### *Assignment of Error Number Three*

In his third assignment of error, Preston argues that the compensation package specified by Mrs. Marshall for the co-trustees violates the terms of the Trust and, therefore, creates a material issue of fact such that summary judgment in regards to her selection of the five co-trustees should not have been granted. We find this argument to be without merit.

The sole issue before the trial court on the motion for summary judgment was whether Mrs. Marshall was authorized by the terms of the Trust to select the co-trustees and whether there was a genuine issue of material fact regarding the co-

9

trustees' qualifications to serve in that capacity. While Preston argues that the co-trustees' compensation package, in and of itself, violates the terms of the Trust and, thus, creates a genuine issue of material fact, he failed to file a cross motion for summary judgment squarely placing that issue before the trial court. Nor is it properly before this court.

Louisiana Code Civil Procedure Article 966(F) provides that "summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." As the issue of the co-trustees' compensation package was not before the trial court, we are precluded from addressing this issue on appeal. We further agree with the trial court that the law provides Preston with protections for adjusting the co-trustees' compensation subsequent to their appointment, if it is found that their compensation is too high, contrary to the terms of the Trust, or against Louisiana law, or if the co-trustees are found to have violated a fiduciary duty. Accordingly, we find no merit in this assignment of error.

*Assignment of Error Number Four*

In his final assignment of error, Preston argues that the compensation package provided to the co-trustees by Mrs. Marshall has changed them from "disinterested" to "interested" parties, as it may have provided them with the incentive to act in a way more advantageous to themselves rather than in the best interest of the beneficiary of the Trust. We find this argument to also be without merit.

In *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 14-697, 14-827, 14-828 (La.App. 3 Cir. 2/18/15), 159 So.3d 1101, the trustee, Finley Hilliard, argued that the recognition of a "trust protector" by the settlor of a trust was against Louisiana's public policy, as it affected the ability of the trustee to act as a prudent administrator on behalf of the trust and its beneficiaries and because it might shift

10

the trustee's loyalties from the beneficiaries to the trust protector, who wielded the power to dismiss the trustee. Interestingly, Preston was the designated trust protector in the Eleanor Pierce (Marshall) Stevens Living Trust.

In that matter, a separate panel of this court refused to hold that the mere possibility that a trustee *might* act in such a way as to defer to a trust protector's wishes rather than acting as a prudent trustee ipso facto makes such appointments void as against public policy. In doing so, this court noted the strong protections provided by the Trust Code to insure that a trustee acts in the interest of the beneficiaries, as detailed in the following:

> For the reasons below, we decline to find that the appointment of a person to the office of trust protector runs contrary to public policy. Moreover, we note also that the office of trust protector is not a foreign concept in Louisiana and has been recognized in our Louisiana Civil Law Treatise.
>
> "A trustee shall administer the trust solely in the interest of the beneficiary." La.R.S. 9:2082. When there is more than one beneficiary, the trustee must administer the trust for the benefit of all the beneficiaries. *Id.* In *Albritton* [*v. Albritton*], 622 So.2d [709,] 713 [(La.App. 1 Cir. 1993)], the first circuit aptly explained:
>
>> the statutory provisions relative to the responsibilities of a trustee are rigid and hold the trustee to an even higher fiduciary responsibility to his beneficiary than that owed by a succession representative to heirs. The very word "trustee" implies the strongest obligation on the part of the trustee to be chaste in all dealings with the beneficiary.
>
> "The duty of loyalty is the fundamental duty owed by a trustee as a fiduciary." *Thomas v. Kneipp*, 43,228, p. 7 (La.App. 2 Cir. 5/28/08), 986 So.2d 175, 181 (citing *Albritton*, 622 So.2d 709). "A provision of the trust instrument that purports to limit a trustee's duty of loyalty to the beneficiary is ineffective." La.R.S. 9:2062.
>
> Although a trustee may, to an extent, become accountable to the trust protector, a trust protector can serve important functions in the administration of a trust. Inherent in the trust concept is that the settlor does not intend the trustee to treat the property as his own, despite the fact that title was conferred to the trustee. Instead, the settlor intends that the trustee manage the assets for the benefit of the beneficiaries.

*In re Eleanor Pierce (Marshall) Stevens Living Trust*, 159 So.3d at 1110.

Similarly, in the instant case, we find Preston's argument that the compensation provisions set forth by Mrs. Marshall in the appointment of the co-trustees ipso facto disqualifies the co-trustees as not being "disinterested," to be unpersuasive and insupportable. The co-trustees appointed by Mrs. Marshall are by the very definition of their titles entrusted to administer the Trust solely in the interest of the beneficiary or beneficiaries. La.R.S. 9:2082. As stated by the supreme court in *Succession of Dunham*, 408 So.2d 888, 900 (La.1981):

> [T]he statutory provisions relative to the responsibilities of a trustee are very rigid and hold the trustee to an even higher fiduciary responsibility to his beneficiary than that owed by a succession representative to heirs. The very word "trustee" implies the strongest obligation on the part of the trustee to be chaste in all dealings with the beneficiary.

Determining whether a trustee has complied with these obligations requires a review of his or her present actions in the performance of the duties incumbent on him or her as trustee. We cannot gaze into a crystal ball to envision potential acts imputable to these co-trustees such as to declare them disqualified to serve under the terms of the Trust. As the trial court correctly pointed out in its reasons for judgment, Preston has the right to question the compensation of the co-trustees in the future by specific challenge to the same or to challenge particular actions of the co-trustees as being in violation of their fiduciary duties, issues which were not before either the trial court or this court. It does not, however, serve as a per se reason to disqualify them in advance as being interested persons unqualified to act as co-trustees. Therefore, Preston's assignment of error is rejected as being without merit.

## DISPOSITION

For the reasons set forth herein, the judgment of the trial court granting partial summary judgment in favor of Co-trustees Edward Alexander and Adam P. Johnson

12

is affirmed, and the case remanded to the trial court for further proceedings. The costs of this appeal are assessed to Preston L. Marshall.

**AFFIRMED.**

**SAVOIE, J. dissents.**

I respectfully dissent from the majority's opinion. First, the trial court's partial summary judgment declaring the validity of Mrs. Marshall's appointments of Dr. Wayne S. Thompson, Jr., Judge Lilynn Cutrer, and Dr. Karen Aucoin as co-trustees of the Harrier Trust is in error because none of these individuals are parties in this action. Louisiana Code of Civil Procedure article 1880 requires states that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]" Moreover, there is no indication that the movers/appellees herein, Mr. Johnson or Pastor Alexander, have any authority to seek relief on behalf of Dr. Thompson, Judge Cutrer, or Dr. Aucoin. I further note that Ms. Marshall initially joined in the motion for summary judgment seeking the validity of her co-trustee appointments, but she was later permitted to withdraw as a mover of the motion, presumably because of rulings rendered in concurrent probate court proceedings in Texas.[1]

I would also find that the co-trustee compensation package, regardless of its validity, creates a genuine issue of material fact as to whether the co-trustees appointed by Mrs. Marshall were in fact "disinterested" as required by the Trust

---

[1] In July 2017, a probate court in Harris County, Texas rendered a temporary injunction against Mrs. Marshall that, *inter alia,* enjoined her from making any additional payments to her appointed co-trustees of the Harrier Trust, from taking any further action to approve or ratify the appointments of the co-trustees, and from taking any action in conjunction with the co-trustees regarding the Harrier Trust. The September 17, 2017 court minutes in the instant case show that Mrs. Marshall withdrew as a mover of the subject motion that sought summary judgment concerning the validity of her co-trustee appointments.

documents. Compensation is provided to the co-trustees based upon a formula that takes into consideration the value of the Trust's assets, the value of the Trust's interests in other entities, and the value of gross Trust receipts. Whether this compensation package provides the co-trustees with an interest in the Trust's assets that would disqualify them as "disinterested" persons under the Trust documents is a factual question that is improper for summary judgment determination.

In addition, fact issues concerning whether Mrs. Marshall's appointments of the five co-trustees constitute an abuse of her discretion preclude a summary judgment finding that the appointments were valid. While the Trust documents provide Mrs. Marshall with the "sole discretion to determine the manner, time, circumstances and conditions of the exercise of any right, power or authority vested in" her, that discretion is not unfettered. Louisiana Revised Statutes 9:2115 provides that "[i]f discretion is conferred upon a trustee with respect to the exercise of a power, its exercise shall not be subject to control by the court, except to prevent an abuse of discretion." Therefore, any abuse of discretion on the part of Mrs. Marshall in connection with her co-trustee appointments could result in a finding that the appointments were invalid. There is evidence in the record concerning the excessive nature of the compensation package that Mrs. Marshall provided to the co-trustees.[2]

---

[2] The record contains an affidavit of a Certified Public Accountant that reflects the projected collective co-trustee fees for the Harrier Trust over a 28-year period, using different scenarios, and discounted to present value, as ranging between $90,232,172 and $282,484,032. In addition, there is evidence suggesting that the compensation package is "beyond any measure of being competitive with the market, and bears no relationship between the amount of the anticipated time or work that would conceivably be expended by these alleged trustees for the compensation to be received[,]" and is not in the beneficiary's best interest.

I further note that on November 7, 2017, the Texas probate court rendered an order granting temporary injunctive relief that, *inter alia,* enjoined the co-trustees of the Harrier Trust from receiving compensation in accordance with the December 2016 appointment documents, taking any action that could affect the Harrier Trust, "attempting to circumvent this [c]ourt's jurisdiction over the Harrier . . . Trust by . . . seeking validation of the compensation provisions set out in the December 2016 Appointment Documents[,]"and from assisting Mrs. Marshall in any litigation

While the validity of the compensation package is not before this court, the compensation package that Mrs. Marshall chose to provide to the co-trustees could be considered by a fact finder as relevant evidence of her intent, motive, and judgment underlying her decision to appoint the co-trustees, and whether she abused her discretion in appointing them. Therefore, summary judgment concerning the validity of the co-trustee appointments is precluded for this reason as well.

For the reasons stated above, I would reverse the partial summary judgment rendered in this case.

---

against Preston concerning the Harrier Trust. Also on November 7, 2017, the probate court granted Preston's motion for summary judgment in part, finding that the compensation package violated the terms of the Harrier Trust document.